No. 12,648.

MURRAY *v.* READY ET AL.
(292 Pac. 87)

Decided September 22, 1930. Rehearing denied October 20, 1930.

Mr. A. L. TAYLOR, for plaintiff in error.

Mr. E. H. STINEMEYER, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

ESTHER F. Murray sued E. J. Ready on his promissory note and to foreclose a deed of trust securing the payment of the note. The defendant paid the money into court for the benefit of the one adjudged to be the owner of the note and deed of trust, and upon his application, Hugh D. Harper, as administrator of the Estate of Venus Lucetta Meskimen, deceased, was made a party defendant. Harper filed an answer, and also a counterclaim in which he claimed to be the owner of the note and deed of trust. The plaintiff demurred to Harper's sixth defense and to his counterclaim. The demurrers were overruled, and, the plaintiff electing to stand on her demurrers, the court found that Harper, and not the plaintiff, was the owner of the note and trust deed and entitled to the money that had been paid into court, and rendered judgment upon the findings.

The only question necessary to a decision is whether the judgment in a former suit determined the vital question involved in the present suit. Venus Lucetta Meskimen, the owner of a lot in Canon City, died intestate, leaving her husband her sole heir at law. He became administrator of her estate. He sued Esther F. Murray to quiet title to the lot. She answered, claiming title

thereto by virtue of a deed given to her by Mrs. Meskimen, who was her sister. While that suit was pending the plaintiff therein died and Hugh D. Harper became executor of his estate and also administrator of the estate of Mrs. Meskimen, and was substituted as plaintiff in that suit. In the reply filed therein by Harper it was alleged, in great detail, that at the time of executing the deed to Esther F. Murray, Mrs. Meskimen was aged, ill, confined in a hospital, was suffering great pain, and was under the influence of opiates and drugs, and that she was mentally incompetent and incapable of transacting any business; that Esther F. Murray, by various artifices and by undue and improper solicitations, means and influences, overcame and destroyed any free agency and will that her sister, Mrs. Meskimen, may have possessed, and thereby induced her to transfer to Esther F. Murray, without adequate consideration, all the money and property owned by Mrs. Meskimen, except a few personal effects and household goods of slight value; and that among the transfers was the deed purporting to convey the lot in question. These allegations were denied, and upon a trial of the issues in that case the court found that, in substance, these allegations were true. In the sixth defense in the present suit, after setting forth the foregoing facts, it is alleged that the assignment of the note and trust deed involved in this suit was procured by Esther F. Murray from Mrs. Meskimen, without adequate consideration, at the same time and place that Esther F. Murray procured the deed that was the subject of the former action, and as part of the same transaction. It is alleged also that Hugh D. Harper is executor of the Estate of Orlando B. Meskimen, deceased, and also administrator of the Estate of Venus Lucetta Meskimen, deceased.

It appearing, therefore, that the giving of the deed involved in the former suit and the giving of the assignment involved in this suit occurred at the same time and place, as component parts of the same trans-

action, the same infirmity attaches to and vitiates the assignment that attached to and vitiated the deed. *James v. James,* 85 Colo. 154, 274 Pac. 816. As the requisite privity exists, the judgment in the former case is conclusive in the present case.

The judgment is affirmed.

Mr. Justice Adams, sitting for Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Burke concur.