FLETCHER N. WADEN, JR., v. RICHARD SPENCER McGHEE ORIGINAL DEFENDANT, AND SANDRA JOYNER PAYNE, ADDITIONAL DEFENDANT.

(Filed 14 June 1968.)

**1. Torts § 7—**

Prior to the effective date of the Uniform Contribution Among Tort-Feasors Act, G.S. 1B-1, et seq., a valid release of one of several joint tort-feasors released all and was a bar to a suit against any of them for the same injury.

**2. Same—**

While a covenant not to sue one tort-feasor does not extinguish the cause of action against the remaining tort-feasors, they are entitled to have the amount paid for the covenant credited on any judgment thereafter obtained against them by the injured party.

**3. Same—**

The preferred method of crediting one tort-feasor with the amount another has paid the plaintiff as consideration for a covenant not to sue is for the trial judge to deduct the amount after the jury has assessed the full amount of plaintiff's damages, and all evidence of the payment and covenant should be excluded at the trial.

**4. Same—**

Where evidence of the amount paid by one tort-feasor to the plaintiff for a covenant not to sue is admitted without objection, the trial court must instruct the jury (1) to determine the full amount of the plaintiff's damages and then deduct the payment or (2) to determine the full amount of the plaintiff's damages without reference to the payment and to leave it to the court to allow the credit.

**5. Same—**

Where evidence of the amount paid by one tort-feasor to the plaintiff for a covenant not to sue was admitted without objection, an instruction to the effect that the jury should assess plaintiff's damages according to the usual rule in personal injury cases as if plaintiff had not received the payment for the covenant not to sue, and if they found plaintiff's damages to be more than the amount he had received, the court would credit the payment in order to prevent double compensation, is held to be without error.

**6. Appeal and Error § 31—**

An assignment of error based on the failure of the court to charge should set out appellant's contention as to what the court should have charged.

APPEAL by plaintiff from *Crissman, J.,* 11 September 1967 Civil Session of GUILFORD.

Action for personal injuries.

On 11 September 1965, while a passenger in an automobile owned by Eddie Joyner and being operated by his daughter, Sandra Joyner Payne (Payne), plaintiff was injured when that vehicle collided with one owned by Richard Spencer McGhee and operated by Phillip Garner.

On 20 May 1966, in consideration of $2,250.00, plaintiff executed and delivered to Joyner and Payne a covenant not to sue either of them for damages sustained in the accident. He further covenanted that, if he should sue McGhee or any other person who joined covenantees as additional parties defendant for contribution, he would "immediately confess judgment" for their benefit.

On 28 July 1966, plaintiff instituted an action against McGhee. He alleged that the collision which caused his injuries was proximately caused by specified negligence of the operator of McGhee's automobile. Answering the complaint, defendant McGhee denied that Garner, the driver of his car, was negligent. He averred that the collision resulted solely from certain negligent acts of Payne. *Inter alia,* McGhee pled plaintiff's covenant not to sue Payne and Joyner as a set-off of $2,250.00 against any judgment which might be obtained against him. In addition, he alleged a cross action against Payne for contribution, and she was made an additional party defendant. In her answer, she denied that she was guilty of any negligence. She also pled plaintiff's covenant not to sue "as a set-off" against any judgment which plaintiff might obtain against McGhee and in bar of any judgment for contribution against her.

McGhee moved to strike Payne's plea of the covenant not to sue. Judge Harry C. Martin heard the motion and denied it. However, he ordered that this pleading "not be read to the jury at the time of the trial."

Prior to the trial, plaintiff and additional defendant Payne, in order to give effect to the covenant not to sue, signed a stipulation, which is summarized as follows: (1) If the jury returned a verdict of not more than $4,500.00 but more than $2,250.00, plaintiff could recover from McGhee only the difference between the amount of the verdict and $2,250.00, and McGhee would receive nothing from Payne. (2) If the verdict exceeded $4,500.00 and Payne was found

not to have been negligent, plaintiff would recover of McGhee the amount of the verdict less $2,250.00, and McGhee would recover nothing against Joyner. (3) If the verdict was $2,250.00 or less, plaintiff would recover nothing. (4) If the verdict exceeded $4,500.00 and Payne was adjudged negligent, plaintiff would recover of McGhee $2,250.00 and one-half the amount by which the judgment exceeds $4,500.00. (5) Plaintiff and Payne would request the trial judge to instruct the jury that plaintiff could recover only the amount by which the verdict exceeds $2,250.00.

At the trial, plaintiff testified on cross-examination, without objection, that he had given Payne a covenant not to sue in consideration of $2,250.00. Also without objection, McGhee introduced into evidence the covenant not to sue.

The court submitted the usual issues relating to actionable negligence and damages. Plaintiff made no objection to these issues and tendered no others. The jury's verdict established that plaintiff was injured by the joint and concurring negligence of McGhee and Payne and that his damages were $1,850.00. From judgment entered upon the verdict that plaintiff recover nothing of defendant, plaintiff appealed.

*John W. Langford for plaintiff appellant.*
*Jordan, Wright, Henson & Nichols by Karl N. Hill, Jr., for Richard Spencer McGhee, original defendant appellee.*

SHARP, J. Plaintiff's first assignment of error is that the court failed "to charge the jury clearly" as to the legal effect of the $2,250.00-payment, which was made to plaintiff on behalf of Payne and Joyner in consideration of his covenant not to sue.

On 20 May 1966, the date of the covenant, the rule governing the effect of a payment to an injured party by one or more of the joint tort-feasors was as follows: "A valid release of one of several joint tort-feasors releases all and is a bar to a suit against any of them for the same injury. This is true for the reason that the injured party is entitled to but one satisfaction, the cause of action is indivisible, and the release operates to extinguish the cause of action. . . . But a covenant not to sue does not release and extinguish the cause of action, and the cause of action may be maintained against the remaining tort-feasors notwithstanding the covenant. . . . The remaining tort-feasors are entitled, however, to have the amount paid for the covenant credited on any judgment thereafter obtained against them by the injured party." (Citations omitted.) *McNair v. Goodwin,* 262 N.C. 1, 3-4, 136 S.E. 2d 218, 220. (We note that as of 1 January 1968 the effect of a *release* and the right of con-

tribution between joint tort-feasors when one or more has been re-
leased by the plaintiff, were substantially changed by Article I of
Ch. 847, 1967 Session Laws, codified as G.S. 1 B-1 through 1B-6
and known as the "Uniform Contribution among Tort-Feasors' act.")

When Judge Martin declined to strike Payne's plea of the cov-
enant not to sue but ordered that the plea not be read to the jury,
it is apparent that he was attempting to chart the course of the trial
on the issue of damages in accordance with the practice suggested in
*Ramsey v. Camp*, 254 N.C. 443, 119 S.E. 2d 209. The opinion in that
case contains the following persuasive quotation from *DeLude v.
Rimek*, 351 Ill. App. 466, 473-74, 115 N.E. 2d 561, 565:

" 'It is well understood by lawyers and judges experienced in
such matters that in a case where evidence is offered of the pay-
ment of a substantial sum for a covenant not to sue, the jury con-
siders it evidence that the covenantee is the party responsible for
the injury, and that defendant or defendants should be exculpated.
Hence, there is always an effort on the part of the defense to put
the covenant before the jury and to make the most of it during the
course of the trial. . . .

" 'While the amount paid under a covenant not to sue should be
deducted from the total damages sustained, we hold it is the function
of the jury to find the plaintiff's total damages, and the function of
the judge, upon application of the defendant after verdict, to find
the amount by which such verdict should be reduced by virtue of
any covenant made by the plaintiff with another concerned in the
commission of the tort.' " *Ramsey v. Camp, supra*, at 445, 119 S.E.
2d at 211.

There was no exception to Judge Martin's order that the addi-
tional defendant's plea of the covenant not be read to the jury.
Thereafter, however, plaintiff and Payne stipulated that they would
request the judge to instruct the jury that plaintiff could recover
only the amount by which the verdict exceeded $2,250.00. At the
trial, without any objection being made, plaintiff testified on cross-
examination that he had received $2,250.00 from Payne in return
for a covenant not to sue her, and defendant McGhee (who had
originally moved to strike all mention of the covenant from the
pleadings) introduced it in evidence without objection.

After instructing the jury as to the measure of damages for per-
sonal injuries, the judge dealt with the evidence relating to the
covenant not to sue as follows:

"Now, Members of the Jury, on this matter of damages, the
Court charges you that you are to determine what amount, if any,
that the plaintiff is entitled to recover as just and fair compensa-

tion for the injuries that he sustained, without any reference or con-
sideration to any amount that may have already been paid to him,
that as far as that payment is concerned, that the Court will take
care of that, that you are to determine from the evidence, if you get
to that Issue, what amount in all that he is entitled to recover for
the injuries he sustained, the total amount that he is entitled to re-
cover, and should that amount be greater than the $2,250.00, then
the Court will take care of the adjustments that are necessary to
take care of that part of the compensation. It will not mean that he
will be doubly paid. That if you do not answer that Issue in the
total amount that he would be entitled to recover as just and fair
compensation for his injuries past, present and prospective, then he
would suffer from it. That is, if you gave any consideration to the
fact that he has already received something. He will not receive
doubly. That will be taken into consideration. So, you are to con-
sider the total amount he is entitled to recover for all of his injuries
growing out of this matter, past, present and prospective, regardless
of any amount that he may have received."

Earlier, in recapitulating plaintiff's evidence, Judge Crissman
had told the jury: "[H]e stated that he had been paid $2,250.00 by
the additional defendant, Payne, as a covenant not to sue; that he
did this because he was being pushed for bills, hospital bills, and so
forth, growing out of this matter."

In stating the contentions of the parties, the judge told the jury:
(1) that plaintiff contended that his injuries and damage entitled
him to "a substantial recovery, much in excess of the $2,250.00 that
he had accepted from one of the defendants," and that $15,000.00,
the amount for which he had sued, would not be excessive; (2) that
defendants McGhee and Payne contended that plaintiff had been
amply compensated and, if the jury awarded damages, the amount
should not exceed $2,250.00.

We think the charge made it quite clear that the jury should
assess plaintiff's damages according to the usual rule in personal in-
jury cases as if he had not received the $2,250.00 from Payne and,
if they found his damages to be more than $2,250.00, the court would
credit the payment in order to prevent double compensation.

Plaintiff made no written request for special instructions in ac-
cordance with G.S. 1-181, nor did he orally request further explana-
tion at the conclusion of the charge when Judge Crissman inquired,
"Are there any other contentions?"

We think that the preferred method of crediting one tort-feasor
with the amount another has paid the plaintiff as consideration for
a covenant not to sue is for the judge to deduct the amount *after*

the jury has assessed the full amount of the plaintiff's damage, and that all evidence of the payment and covenant should be excluded. When, however, such evidence has been admitted without objection, to insure that the defendant receives credit for the payment, the court must instruct the jury (1) to determine the full amount of the plaintiff's damages and then deduct the payment or (2) to determine the full amount of the plaintiff's damages without reference to the payment and leave it to the judge to allow the credit. See Annot., Manner of crediting one tort feasor with amount paid by another for release or covenant not to sue, 94 A.L.R. 2d 352 (1964), wherein the various methods are discussed and the cases collected. In this case, the judge chose method (2). Even though method (1) might have been preferable, the instructions were clear, and there is no reason to believe that the jury was confused.

Although we have considered plaintiff's first assignment of error, we point out that it failed to comply with the rules of this Court, which require that "[a]n assignment based on failure to charge should set out the defendant's contention as to what the court should have charged." *State v. Wilson*, 263 N.C. 533, 139 S.E. 2d 736. *Accord, State v. Malpass* and *State v. Tyler*, 266 N.C. 753, 147 S.E. 2d 180. Plaintiff's other assignments of error likewise fail to comply with the rules. *Tynes v. Davis*, 244 N.C. 528. 94 S.E. 2d 496. Nevertheless, we have also considered them and find them to be without merit.

No error.