18897

Samuel Guy McCOMBS, Respondent, v. William David STEPHENS, Appellant

(166 S. E. (2d) 814)

*Messrs. Odom, Nolen & Foster,* of Spartanburg, *for Appellant,*

*Claude R. Dunbar, Esq.,* of Spartanburg, *for Respondent,*

*Messrs. Odom, Nolen & Foster,* of Spartanburg, *for Appellant, in reply,*

April 1, 1969.

LEWIS, Justice.

Defendant has appealed from a judgment rendered in favor of plaintiff for damages sustained in a three-car collision. Plaintiff brought this action against defendant after entering into a covenant not to sue the driver of the third

vehicle. In the trial of the case, the court permitted the jury to hear testimony concerning the covenant and to credit defendant with the amount received by plaintiff from the other tort-feasor. The question to be decided is whether reversible error was committed in the manner in which such credit was allowed to the defendant.

Plaintiff originally brought an action against the defendant Stephens and one Peggy Louise Bridges to recover damages allegedly sustained in a collision involving the automobiles of the three parties. A voluntary nonsuit was taken by plaintiff in that action and the present one instituted only against the defendant Stephens. Defendant alleged in his answer that plaintiff had received the sum of $1,200.00 as the consideration for a covenant not to sue Peggy Louise Bridges, the driver of one of the vehicles involved in the collision, and asked that he be credited with such amount on any judgment rendered against him. Upon filing the answer, defendant moved for an order requiring plaintiff to reply to the allegations relative to the covenant, so that the defendant could "adequately prepare his defense, and know plaintiff's position with reference to this plea and how same can be disposed of at time of trial." The motion was denied by the trial judge, as was a motion made by defendant on the day before the trial of the case that the issues relative to the alleged covenant be disposed of by the court out of the presence of the jury. Although there was no issue of fact with regard to the execution, validity, or contents of the covenant, all of the facts in reference thereto were required by the court to be proved in the trial of the case in the presence of the jury and the jury was instructed to deduct the consideration stated in the covenant from any amount that might be found for the plaintiff.

While the exceptions challenge the rulings of the trial judge, both with reference to the refusal of the motion to require plaintiff to file a reply and the refusal to withdraw from the jury all issues relative to the covenant not to sue,

we need only determine whether the trial judge committed reversible error in the manner in which credit was accorded to the defendant for the amount received by plaintiff under the covenant. The defendant-appellant contends that evidence concerning the covenant should have been excluded from the consideration of the jury and credit given by the court, relying on the recent case of *Powers v. Temple,* 250 S. C. 149, 156 S. E. (2d) 759.

The question as to the proper method of according credit to a defendant for amounts paid to a plaintiff under a covenant not to sue was involved in the *Powers* case. We there stated :

"While this question has not yet received the attention of this court, there is a rather complete annotation in 94 A. L. R. (2d), commencing at page 348, dealing with the subject. A review of this annotation and authorities therein cited shows that the rule is almost universally followed that one tort-feasor is entitled to credit for the amount paid by another tort-feasor for a covenant not to sue. There is considerable conflict, however, as to the proper manner of allowing such credit, that is, whether the credit should be allowed by the jury in assessing the injured party's damages, or by the court. *We are convinced from a study of these authorities that the sounder and preferable method, at least where there are no fact questions concerning the covenant for the determination of the jury, is for evidence thereabout to be excluded from the consideration of the jury, and for credit to be given by the court.*" (Emphasis added.)

The foregoing rule has as its purpose the elimination ██ of possible prejudice to the litigants and certainly in the allowance of proper credit to the defendant. We think, as a general rule, that this can best be assured by leaving to the jury the assessment of the damages and to the court the duty of allowing credit for any amount received by plaintiff under a covenant not to sue. Ordinarily, submission of the issue to the jury will constitute reversible error.

In *Powers,* the plaintiff complained of the submission of the issue to the jury. Here, the defendant raises the objection. While we refused to apply the rule in *Powers* because of plaintiff's position at the trial in regard to the question, we find no basis upon which to refuse its application in this case. There were no facts in dispute concerning the covenant and the complaining party made timely efforts to have the issue excluded from the jury's consideration. Under these circumstances, the court should have allowed proper credit instead of submitting the matter to the jury. The failure to do so constitutes reversible error.

Reversed and remanded for a new trial.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.