JAMES B. HUSS v. PAUL JUNIOR THOMAS AND REA CONSTRUCTION COMPANY, A CORPORATION

No. 7127SC714

(Filed 17 November 1971)

1. **Highways and Cartways § 7— intersection accident — removal of stop sign by contractor — liability of contractor**

    Plaintiff's evidence tending to show that he entered an intersection on the dominant highway, that another driver entered the intersection from a servient street without stopping and a collision occurred, that defendant contractor was making repairs on the servient street and removed the stop sign on the servient street, and that the other driver had never been along the street before and thought he had the right-of-way at the intersection because there were no signs, barricades or other warnings to indicate to the contrary, *held* sufficient to be submitted to the jury on the issue of defendant contractor's negligence.

2. **Torts § 7— evidence of covenant not to sue another tort-feasor**

    The trial court erred in allowing defendant to elicit evidence concerning a covenant not to sue which plaintiff had given to another tort-feasor.

APPEAL by plaintiff from *Froneberger, Emergency Judge,* 12 July 1971 Session of Superior Court held in GASTON County.

Plaintiff seeks to recover for personal injuries and property damages sustained in an automobile accident which occurred in an intersection. Plaintiff alleged that the damages resulted from the negligence of Thomas and Rea Construction Company. Prior to trial plaintiff gave Thomas a covenant not to sue and proceeded against Rea as the sole defendant. At the close of plaintiff's evidence judgment was entered granting defendant's motion for a directed verdict and dismissing the action. Plaintiff appealed.

*Whitesides and Robinson by Henry M. Whitesides for plaintiff appellant.*

*Sanders and LaFar by Julius T. Sanders for defendant appellee.*

VAUGHN, Judge.

[1] Plaintiff was traveling along the dominant highway. Thomas entered the intersection from the servient street without stopping and a collision occurred. Plaintiff alleged and offered evidence tending to show that Rea, a contractor engaged in making certain repairs on the servient street, had removed the stop sign which directed motorists traveling along the servient street to stop before entering the intersection. Thomas was called as a witness for plaintiff and testified, in substance, that he had never been along the street before and that he thought he had the right-of-way at the intersection because there were no signs, barricades or other warnings to indicate to the contrary.

The duty of the defendant contractor was as follows:

"When a contractor undertakes to perform work under contract with the State Highway Commission, the positive legal duty devolves on him to exercise ordinary care for the safety of the general public traveling over the road on which he is working. [citations omitted]. Contractors must exercise ordinary care in providing and maintaining reasonable warnings and safeguards against conditions at the time and place. [citations omitted]. ' . . . The test of the sufficiency of the warning . . . is whether the means employed, whatever they may be, are reasonably sufficient for the purpose.' 25 Am. Jur., Highways, s. 413, p.

708. . . . " *Equipment Co. v. Hertz Co.*, 256 N.C. 277, 123 S.E. 2d 802.

See also *Evans v. Construction Co.*, 194 N.C. 31, 138 S.E. 411; *Furlough v. Highway Commission*, 195 N.C. 365, 142 S.E. 230; *Council v. Dickerson's Inc.*, 233 N.C. 472, 64 S.E. 2d 551; *Moss v. Tate*, 264 N.C. 544, 142 S.E. 2d 161. Without further review of plaintiff's evidence, it suffices to say that such evidence, when taken as true and viewed in its most favorable light, is sufficient to raise a question for the jury as to whether the defendant failed to meet this positive legal duty. The question of plaintiff's contributory negligence is also a matter for the jury.

[2] Plaintiff's second assignment of error is that counsel for Rea was allowed to elicit evidence concerning the covenant not to sue which had been given by plaintiff to Thomas. Plaintiff's position is well taken. " . . . [T]he preferred method of crediting one tort-feasor with the amount another has paid the plaintiff as consideration for a covenant not to sue is for the judge to deduct the amount *after* the jury has assessed the full amount of the plaintiff's damage, and that all evidence of the payment and covenant should be excluded. . . . " *Waden v. McGhee*, 274 N.C. 174, 161 S.E. 2d 542.

Reversed.

Judges BROCK and BRITT concur.