Gunnar **GREENEMEIER,** a minor, by his parent and next friend, Lois **REDINGTON,** and Lois Redington, individually, Petitioners,

v.

**Darwin SPENCER, Respondent.**

**No. 84SC319.**

Supreme Court of Colorado, En Banc.

June 2, 1986.

Galchinsky & Silverstein, Herbert H. Galchinsky, Edward Grossman, Elizabeth K. Tulloch, Denver, for petitioners.

Henderson & Streelman, Jack D. Henderson, Denver, for respondent.

McDermott, Hansen, Anderson & Reilly, Daniel M. Reilly, Denver, for amicus curiae Colo. Trial Lawyers Ass'n.

Hall & Evans, Richard D. Hall, Denver, for amicus curiae, Colo. Defense Lawyers Ass'n.

Buchanan, Gray, Purvis & Schuetze, John A. Purvis, Robert A. Schuetze, Boulder, for amicus curiae.

LOHR, Justice.

We granted certiorari to review the judgment of the Colorado Court of Appeals in *Greenemeier v. Spencer*, 694 P.2d 850 (Colo.App.1984). That court upheld the judgment of the Jefferson County District Court reducing to zero the compensatory damages awarded by a jury to the plaintiffs in a personal injury case. The reduction was based on a setoff for a payment received by the plaintiffs in settlement from the defendant's joint tortfeasors prior to trial. This case also presents the question of whether a jury should be told of the fact of such a settlement and, if so, of the amount. We conclude that the trial court properly reduced the plaintiffs' compensatory damages. In addition, we hold that absent special circumstances a jury should be informed of the fact of settlement, but not the amount. In this case, however, the trial court's decision not to tell the jury of the settlement was not reversible error. Therefore, we affirm the judgment of the court of appeals.

I.

The plaintiffs, Gunnar Greenemeier and his mother, Lois Redington, brought suit against two minors, Darwin Spencer and David Sacco, and their parents. The plaintiffs alleged that Darwin Spencer and David Sacco negligently fired BB guns in Greenemeier's direction, hitting him in the eye and causing injury. The plaintiffs further alleged that the parents of the two boys negligently failed to instruct them in the proper use of the BB guns and negligently failed to supervise them. The plaintiffs sought damages for the various losses

each allegedly had incurred or would incur in the future as a result of the incident.

Before the case was tried, Greenemeier and Redington reached a settlement with the Saccos whereby the plaintiffs accepted $100,000 in satisfaction of their claims against the Saccos. In the subsequent trial against the Spencers, Greenemeier and Redington requested the court to inform the jury that the plaintiffs had settled with the Saccos for $100,000. The Spencers requested that the jury merely be told that the plaintiffs and the Saccos had reached a settlement. The trial court refused both requests and did not advise the jury of either the fact or the amount of the prior settlement.

At the close of the plaintiffs' case, the court granted the motion of Darwin Spencer's parents for a directed verdict, leaving Darwin Spencer as the only defendant in the case. The jury returned verdicts against Spencer, awarding $8,000 compensatory damages to Redington and $50,000 compensatory and $1,000 exemplary damages to Greenemeier. Upon motion by the defendant, the trial court reduced each of the two compensatory damages awards to zero and directed entry of judgment against Darwin Spencer for only the $1,000 exemplary damages assessed by the jury. The trial court held that the Uniform Contribution Among Tortfeasors Act (Act), §§ 13–50.5–101 to –106, 6 C.R.S. (1985 Supp.), required that the amount of compensatory damages received by the plaintiffs at trial be reduced by the amount of settlement they had received from the Saccos prior to trial.

Greenemeier and Redington appealed, contending that the trial court erred, first in reducing the awards to $1,000 and second in refusing to inform the jury that the Saccos and the plaintiffs had settled prior to trial. The court of appeals affirmed. *Greenemeier v. Spencer*, 694 P.2d 850 (Colo.App.1984). Although the three judges on the court of appeals' panel agreed that the trial court had properly reduced the amount of the plaintiffs' com-

pensatory awards by the amount of the prior settlement with the Saccos, they differed concerning whether the jury should have been advised of the prior settlement. Judge Van Cise, writing the opinion of the court, agreed with the trial court's determination that a jury should not be informed that a settlement has occurred. *Id.* at 853. Chief Judge Enoch dissented on this issue, expressing the view that the jury should have been told of the fact of the settlement, but not the amount paid. In Chief Judge Enoch's opinion, the trial court's failure to give the jury that information constituted reversible error. *Id.* at 853–54 (Enoch, C.J., concurring in part and dissenting in part). Judge Sternberg adopted a middle ground, agreeing with the dissenting view that the jury should have been advised of the fact of settlement but voting to affirm because the trial court's failure to impart such information to the jury was not shown to have been prejudicial. *Id.* at 853 (Sternberg, J., concurring and specially concurring).

We granted certiorari to consider both of the issues addressed by the court of appeals. We conclude that the trial court properly reduced to zero the amount of the plaintiffs' compensatory damages awards. In addition, we hold that absent special circumstances, the fact of settlement, but not the amount, should be made known to a jury. Although the trial court in the present case declined to advise the jury of the fact of settlement, the record does not indicate that this refusal adversely affected the cause of substantial justice. Therefore, we affirm the court of appeals in upholding the judgment of the trial court.

## II.

Greenemeier and Redington argue that the trial court erred in reducing their compensatory damages award. The plaintiffs contend that by reducing the judgment against Spencer by the amount of the prior settlement with the Saccos, the trial court allowed Spencer to receive "contribution [1]"

---

1. Contribution has been defined as "[t]he act of      any one or several of a number of co-debtors

from the Saccos, despite the following provision of the Act:

> There is no right of contribution in favor of any tortfeasor who has intentionally, willfully, or wantonly caused or contributed to the injury ... [suffered by the plaintiff].

§ 13–50.5–102(3), 6 C.R.S. (1985 Supp.). According to the plaintiffs, the jury must have determined that Darwin Spencer's conduct was willful and wanton because, after being instructed that it could award exemplary damages if it found that Greenemeier's injuries were attended by circumstances of a wanton or reckless disregard of his rights and feelings,[2] the jury awarded $1,000 exemplary damages to Greenemeier. Given such a jury determination, the plaintiffs argue, the trial court committed error by allowing Darwin Spencer to benefit from the plaintiffs' settlement with the Saccos. We disagree with the plaintiffs' argument.

In reducing the plaintiffs' compensatory damages award by the amount of the prior settlement, the trial court relied upon section 13–50.5–105(1)(a), 6 C.R.S. (1985 Supp.), which provides for the setoff of settlement payments by one tortfeasor from the claim against other tortfeasors who are liable for the same injury. Section 13–50.5–105(1)(a) states:

> (1) When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
>
> (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms

so provide; but *it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater ....*

(emphasis added). In *Perlmutter v. Blessing,* 706 P.2d 772, 775 (Colo.1985), we noted that where, as in the present case, "the only injuries involved in an action are those for which all tortfeasors are jointly or severally liable, the application of [section 13–50.5–105(1)(a) ] is clear: either the settlement amount or the amount provided for in the settlement document, whichever is greater, must be deducted from the total judgment against the remaining tortfeasors." This type of reduction was recognized in Colorado even before our legislature adopted the Act in 1977. *See Cox v. Pearl Investment Co.,* 168 Colo. 67, 74, 450 P.2d 60, 63 (1969) (noting that in order to avoid overcompensating a plaintiff, a non-settling defendant is entitled to have the amount of the judgment against him reduced by the amount paid in settlement).

While section 13–50.5–105(1)(a) directs the trial court to adjust a recovering plaintiff's award of damages in order to reflect the occurrence of a prior settlement, section 13–50.5–102(3) speaks to the separate subject of the right of one tortfeasor to receive contribution from another tortfeasor. It is section 13–50.5–105(1)(a), and not section 13–50.5–102(3), that governs any adjustments of the plaintiffs' awards in the present case.

■ Since the plaintiffs received $100,000 from the Saccos prior to trial, the plaintiffs' claims against Spencer, the remaining

---

... in reimbursing one of their number who has paid the whole debt or suffered the whole liability, each to the extent of his proportionate share." Black's Law Dictionary 399 (4th ed. 1968).

**2.** The complete instruction to the jury on exemplary damages read as follows:

> If you find in favor of the plaintiff, GUNNAR GREENEMEIER, and award him actual damages for his claim of negligence, then you should consider whether the plaintiff is entitled to exemplary damages. If you also find

beyond a reasonable doubt that the injury complained of was attended by circumstances of a wanton or reckless disregard of the rights and feelings of the plaintiff, then in addition to any actual damages, you may also award the plaintiff a reasonable sum as exemplary damages.

Exemplary damages are not to be construed as compensation to the plaintiff for wrong done, but as punishment to the defendant, and as an example to others.

Instruction no. 25.

tortfeasor, must be reduced by that amount.[3] The trial court acted properly in reducing the plaintiffs' $58,000 compensatory damages awards to zero.

### III.

Greenemeier and Redington further contend that the trial court committed reversible error when it refused to inform the jury of the existence of the settlement between them and the Saccos.[4] Although we agree that the better practice is to inform the jury that a settlement has occurred, we do not find reversible error in the present case.

As noted above, the three judges on the panel of the court of appeals who decided the present case reached different conclusions on the issue of whether and to what extent a jury should be informed of pretrial settlements between plaintiffs and codefendants or others potentially liable for the injuries asserted by the plaintiffs. The divergence in their views is not surprising, for courts across the country differ in their approach to the issues of the settlement information to be given to juries and the manner in which a nonsettling defendant is to be credited with the amount of a settlement. *See* Annot., 94 A.L.R.2d 352 (1964) (collecting cases that address the manner of crediting one tortfeasor with amount paid by another for release or covenant not to sue). Many have adopted what is commonly termed the "court rule," whereby the court deducts the amount of settlement from the verdict returned by the jury. *E.g., Luth v. Rogers & Babler Construction Co.,* 507 P.2d 761 (Alaska 1973); *De-Lude v. Rimek,* 351 Ill.App. 466, 115 N.E.2d 561 (1953); *Brewer v. Payless Stations, Inc.,* 412 Mich. 673, 316 N.W.2d 702

(1982); *Slayton v. Ford Motor Co.,* 140 Vt. 27, 435 A.2d 946 (1981). The courts taking this approach generally hold that no evidence of either the fact or the amount of settlement should come before the jury. *Brewer v. Payless Stations, Inc.,* 316 N.W.2d at 705; *Waden v. McGhee,* 274 N.C. 174, 161 S.E.2d 542, 546 (1968); *McCombs v. Stephens,* 252 S.C. 442, 166 S.E.2d 814, 816 (1969). On the other hand, some courts have held that a jury can calculate the amount of a plaintiff's damages recoverable in the lawsuit after being informed of the amount of settlement and after being instructed to deduct the settlement amount from the total sum the plaintiff should receive as compensation for his injuries. *E.g., Anderson v. Kemp,* 279 Ala. 321, 184 So.2d 832 (1966); *Steele v. Hash,* 212 Cal.App.2d 1, 27 Cal.Rptr. 853 (1963); *Haley v. Byers Transportation Co.,* 394 S.W.2d 412 (Mo.1965).

We conclude that an intermediate approach, similar to the one adopted by the court in *Theobold v. Angelos,* 40 N.J. 295, 191 A.2d 465 (1963), and advocated by Chief Judge Enoch in the decision now under review, *Greenemeier v. Spencer,* 694 P.2d at 853–54 (Enoch, C.J., concurring in part and dissenting in part), provides the most suitable solution to this difficult problem. We hold that the fact of settlement, but not the amount paid, should be brought to the jury's attention, absent special circumstances. In addition, if the jury is informed that settlement has taken place, the jury should be clearly instructed that it must determine whether the defendant is liable based on the criteria set forth in the court's instructions and without regard to the possible liability of any third parties who have settled. The jury must also be

---

**3.** The trial court reduced only the portion of the plaintiffs' awards that represented compensatory damages, while leaving the $1,000 exemplary damages award intact. The court stated that the partial reduction was in accordance with the purpose of the Act "to insure full compensation of the plaintiff." The court let the exemplary damages award stand because it was for the purpose of punishment, not compensation. The propriety of the court's decision to reduce only the compensatory damages portion of the award

is not before us on review, for no party has raised this issue.

**4.** Although at trial the plaintiffs requested that the jury be informed of both the fact and the amount of their settlement with the Saccos, their argument before the court of appeals and before this court is that the jury should have been informed only of the fact that settlement had occurred.

directed that if it concludes that the defendant is liable, it must return an award that fully compensates the plaintiff for all of his injuries without regard to the fact that the plaintiff may have received compensation from others as a result of the settlement. Finally, the jury should be instructed that "when the sum representing full compensation is returned, it will be apportioned as the law dictates among the defendant or defendants found responsible by the jury and the other persons who have made settlements with the plaintiff." *Theobold v. Angelos,* 191 A.2d at 470; *see also Greenemeier v. Spencer,* 694 P.2d at 854 (Enoch, C.J., concurring in part and dissenting in part).

This approach avoids many of the drawbacks that courts in other jurisdictions have associated with the rule that allows the jury to deduct the amount of settlement from the plaintiff's award. Such drawbacks include the possibilities that the court will be unable to determine whether the jury's verdict actually reflects a deduction of the settlement amount, *Luth v. Rogers & Babler Construction Co.,* 507 P.2d at 768, and that the jury will be improperly influenced by the knowledge of the amount of the prior settlement in determining the defendant's liability and damages. *Id.; Brewer v. Payless Stations, Inc.,* 316 N.W.2d at 705. Under the approach taken by the court in *Theobold v. Angelos,* however, the jury does not perform the settlement deduction. Furthermore, the jury is not even informed of the amount of settlement and thus cannot use that amount as a yardstick with which to measure the damages to be assessed against the defendant. This minimizes any danger that the jurors will reduce or increase the plaintiff's award to reflect their belief that the settlement has overcompensated or undercompensated the plaintiff.

By providing the jury with general information about the interrelation of the claims against settling and nonsettling parties, the *Theobold v. Angelos* approach also serves to minimize any risk that the jury will impute liability, or lack of liability, to the defendant simply by virtue of the fact that some other potential defendant has "admitted" liability through settlement. Such a concern has been expressed by some courts that have adopted a rule prohibiting disclosure of the fact that a settlement has occurred. *See Luth v. Rogers & Babler Construction Co.,* 507 P.2d at 768; *Brewer v. Payless Stations, Inc.,* 316 N.W.2d at 705.

We have never hesitated to presume that a jury will follow the instructions given by the court. *E.g., People v. Lesh,* 668 P.2d 1362, 1365 (Colo.1983); *James v. James,* 85 Colo. 154, 165, 274 P. 816, 820 (1929); *Appel v. Sentry Life Insurance Co.,* 701 P.2d 634, 638 (Colo.App.1985), *cert. granted on other grounds,* 85SC158 (Colo. June 10, 1985). We are confident that if the jury is clearly instructed as to its duty to determine the defendant's liability and damages without regard for the existence of third parties who have settled, the nonsettling defendant will not be prejudiced by the jury's knowledge that such a settlement has occurred. To the contrary, advising the jury of the fact of settlement avoids the prejudicial inferences that may arise when jurors, who normally are well aware that someone other than the defendant was involved in the incident that resulted in the plaintiff's injuries, speculate as to the fate of the absent person. We believe that the approach that we adopt today will be most conducive to a verdict consistent with the evidence and the law, for the jury members will undertake their duties secure in the knowledge that whatever verdict they return will be apportioned among the defendants and settling parties as the law requires.

■ Although the foregoing considerations persuade us that in the usual case a jury should be advised of the fact of settlement, but not the amount, the many and varied circumstances in which the issue may arise caution against adoption of an absolute rule. The trial court should be allowed discretion to vary from this approach where special circumstances convince the court that such variation will best promote a verdict based on the facts and

the applicable law. This will give ample scope to the trial courts to evaluate the complex human and legal factors involved in assessing the likely effects of disclosure of settlements and will promote verdicts based only on legally appropriate considerations.[5] In order to facilitate effective appellate review, the trial court should detail the reasons that persuade it to deviate from the manner of instruction outlined in this opinion. Decisions of other courts provide support for recognition of a role for judicial discretion in determining the information to be given to a jury concerning a settlement. *E.g., Azure v. City of Billings,* 182 Mont. 234, 596 P.2d 460, 467 (1979) (although generally a jury should not be advised of a settlement, "a certain amount of discretion must be vested in the trial court so that each situation can be dealt with on a separate basis"); *Degen v. Bayman,* 86 S.D. 598, 200 N.W.2d 134, 139 (1972) (the disclosure to the jury of the fact of settlement should be left to the discretion of the trial court, but the amount should not be made known; under the circumstances, the failure to disclose the fact of a settlement made during trial, coupled with counsel's exploitation of the jury's lack of knowledge of the reason for the "evaporation of adversary vigor" between the plaintiff and the settling defendant, was an abuse of discretion); *Groves v. Compton,* 280 S.E.2d 708, 711–12 (W.Va. 1981) (trial court has discretion concerning the information to be provided to a jury about a settlement and concerning whether any offset necessitated by the settlement should be made by the court or by the jury).

Admittedly, there is no solution to the problem of the information to be given to a jury concerning settlement that will provide ironclad assurance against prejudice in every case. We are persuaded, however, that the manner of instruction adopted in this opinion will most often advance, rather than endanger, the fairness and accuracy of a jury's verdict. It is also in keeping with the confidence that we justifiably repose in juries to resolve serious matters in a responsible, fair and impartial manner, adhering to the instructions given by the court and uninfluenced by extraneous considerations.

■ Although we hold that, absent special circumstances, the fact of settlement should be brought to the jury's attention, the trial court's failure to do so in the present case does not constitute reversible error. The plaintiffs have failed to demonstrate that the lack of an instruction concerning the prior settlement prejudiced their rights. As part of their motion for a new trial, the plaintiffs presented the trial court with affidavits from the six jurors who participated in the trial. Two of the jurors stated that "had [they] known about the settlement disposition it would have affected [their] deliberations." Four others stated that had they known about the settlement, they would have added $100,000 to their verdicts because they had intended that the plaintiffs receive $59,000 from Spencer, regardless of the amount the Saccos had to pay. The trial court refused to acknowledge these affidavits because it believed that the jury could not impeach its own verdict in such a manner.[6]

> I am not even going to pay attention to those affidavits, they mean nothing, except that the jury, after talking to [plaintiffs' counsel], may have wanted to appease him and give him affidavits. I think it was wrong to obtain those affidavits, and I think that the jury cannot, in that manner, impeach their own verdict. If they are saying that, they were in violation of—they would be in violation of their oath as jurors not to follow my instructions, which were clear that they were to compensate him fully.

---

5. Amicus curiae Colorado Trial Lawyers Association argues for a rule of nondisclosure and argues against recognizing any discretion in the trial court with respect to advising juries of pretrial settlements. Amicus asserts that a discretionary rule will adversely affect the prospects for settlement. Even if this is correct, we believe that the enhancement of the prospects of a fair result by allowing discretion in the trial court to respond to various and unpredictable circumstances will more than compensate for any dampening effect on settlement negotiations.

6. The trial court stated:

We agree that the affidavits do not merit serious attention. As the trial court noted, the affidavits may mean no more than that the jurors wished to appease the plaintiffs' attorney, who apparently presented the jurors with form affidavits drafted by his office. More persuasive than the affidavits is the fact that the jury was instructed that if it found in favor of Greenemeier, it must award as his damages "an amount which will reasonably compensate [him] for his injuries." Instruction no. 21. The jury was further instructed to consider, in determining Greenemeier's damages, "*[a]ny* physical pain or mental suffering the plaintiff has incurred" and "*[a]ny* permanent injury or disability." *Id.* (emphasis added). The jury was similarly instructed to award reasonable damages, if any, to Redington. Given these explicit instructions, and our presumption that the instructions were followed, *James v. James,* 85 Colo. at 165, 274 P. at 820, the affidavits carry little weight. At the most, the affidavits express both the jurors' perception that Spencer would not be held responsible for any part of the verdicts against him and their disappointment with that result. The affidavits do not, however, cast doubt on the jury's determination that the plaintiffs were entitled to a total of $58,000 as compensation for their injuries.

Despite the existence of the affidavits, we are persuaded that the plaintiffs were not prejudiced by the jury's lack of knowledge concerning the prior settlement. Moreover, we note that the trial court lacked prior guidance from this court on the issue of the information to be given to a jury concerning settlements. Under these circumstances we find particular relevance in C.R.C.P. 61, which provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or admitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Our review of the record satisfies us that the jury's verdict was consistent with substantial justice. Therefore, even though the record discloses no special circumstances in the present case that would justify the trial court's decision not to reveal the fact of settlement to the jury, we do not consider that decision to be reversible error.

We affirm the judgment of the court of appeals.

VOLLACK, Justice, specially concurs.

VOLLACK, Justice, specially concurring:

I concur in the judgment of the court and join the majority opinion except for Part III, concerning the information to be given by the court to the jury in the event that the plaintiff settles with one of the persons who is potentially liable for the plaintiff's injuries. The majority concludes that, absent special circumstances, the fact of settlement, but not the amount, should be made known to the jury. I disagree and would hold that neither the fact of settlement nor its amount should be revealed to a jury. Accordingly, I would conclude the trial court acted properly in declining to advise the jury of the fact of the settlement in this case.

If a jury is told the plaintiff settled with one of the persons who is potentially liable, the jury may presume the defendant on trial is similarly culpable, or conversely, may presume the culpable party has settled and the remaining party should be held non-liable. Once informed of the fact of settlement, it would be difficult for the jury to ignore this fact and determine the defendant's liability regardless of the existence of third parties who have settled. Looking at the situation from a practical viewpoint, such knowledge does not eliminate a potential impact on the verdict even if the jury is thoroughly instructed.

While limiting instructions may appear to resolve the prejudicial effect of revealing settlement information, in reality it is difficult to tell if the instructions were followed during the jury's deliberations. Adding more instructions of law to those needed to decide the case further complicates the jury's difficult task. In my view, it is better to remove this factor from the deliberative process and not expose the jury to the potentially prejudicial information.

While I would not reveal information regarding settlement to the jury, I concur with the result reached in this case.