### KING *v.* GREYHOUND CORPORATION.

1. NEGLIGENCE—RELEASE—COVENANT NOT TO SUE—ADMISSION IN EVIDENCE—INSTRUCTIONS.

> Admission in evidence of both release and covenant not to sue defendant's joint tort-feasor, which had superseded the release, *held*, not error, nor to constitute a submission to the jury of the issue of the validity of the release and covenant not to sue, where jury was instructed that defendant was not relieved of liability by the instruments, but that any verdict against defendant must be reduced by amount paid by a third party joint tort-feasor.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur, Release §§ 4, 36.
Manner of crediting one tortfeasor with amount paid by another for release or covenant not to sue. 94 ALR2d 352.
[2] 5 Am Jur 2d, Appeal and Error § 804.
[3] 38 Am Jur, Negligence § 366 *et seq.*
[4] 53 Am Jur, Trial § 454 *et seq.*

2. APPEAL AND ERROR—RELEASE—COVENANT NOT TO SUE.

Plaintiff-appellant should not be heard to complain as to trial court's action with respect to release and covenant not to sue, where the legal question involved was determined favorably to the appellant.

3. NEGLIGENCE—PROXIMATE CAUSE—JURY INSTRUCTION.

Instruction to jury in negligence action causing death of plaintiff 6-year-old daughter that "there may be more than one proximate cause; there may be two," *held*, not error in the context in which it was used when the judge used term "a proximate cause" sufficiently often to make it clear to jury that there may be several proximate causes in a negligence action, not limited to two.

4. TRIAL—PRETRIAL CLAIMS—READING TO JURY.

Reading to jury of defendant's claims made as its version of accident and resulting liability at pretrial conference, *held*, not error when, from evidence at trial, jury could have found each claim to be true.

Appeal from Wayne; Montante (James), J. Submitted Division 1 May 12, 1966, at Detroit. (Docket No. 241.) Decided September 27, 1966. Leave to appeal denied by Supreme Court December 30, 1966. See 378 Mich 746.

Declaration by Paul J. King, administrator of the estate of Joy Ann King, deceased, against the Greyhound Corporation, a Delaware Corporation, for wrongful death of his decedent in traffic accident. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Kramer, Morris, Stark, Rowland & Regan (George A. Jones,* of counsel), for plaintiff.

*Alexander, Buchanan & Conklin (Donald E. Miller,* of counsel), for defendant.

T. G. KAVANAGH, J. Six-year-old Joy Ann King was struck and killed by a car on December 18, 1957, after alighting from a bus operated by the defendant under a contract with the Bloomfield Hills board

of education providing for the transportation of children to and from the school.

This action was brought under the wrongful death act, CL 1948 §§ 691.581, 691.582 (Stat Ann 1959 Cum Supp §§ 27.711, 27.712), in 1959 for damages for her death by her father as her personal representative. It was tried before a jury which returned a verdict of no cause of action and after the trial court's denial of plaintiff's motion for judgment *non obstante veredicto* and for a new trial, this appeal was taken.

Three questions are raised on appeal:

1. Did the trial court err in allowing the jury to pass on the validity of a release and covenant not to sue given to one joint tort-feasor or should the judge have passed on this question on a separate record outside of the presence of the jury on the motion of plaintiff prior to trial?

2. Did the court err in its instructions to the jury?

3. Did the trial court err in reading defendant's version of the accident to the jury?

The first question is not artfully drawn. The jury was not permitted "to pass on the validity of a release and covenant not to sue given by one joint tort-feasor." The fact of the execution of an instrument labelled "Release" was permitted to be established and a subsequent order of the Oakland county probate court, setting it aside and ordering the plaintiff here to execute a covenant not to sue (preserving his rights against the defendant here) in resolving plaintiff's claim against William Arthur McCall, the driver of the car which struck Joy Ann, was permitted to be introduced.

The *validity* of the release and covenant not to sue was never submitted to the jury.

The legal effect of these instruments was disputed and resolved by the court adversely to the appellee. The court instructed the jury:

"There is testimony in this case that a release was signed for the sum of one thousand dollars. There is also testimony, however, that at a subsequent time, through the efforts of the plaintiff's attorney and the plaintiff, that release was transformed from a straight release to a covenant not to sue. So I charge you, members of the jury, that the mere fact that the defendant has introduced a release in this cause and makes a claim that it is, therefore, not responsible or liable—that that claim is not valid under the law, in view of the fact that we have here a situation involving a covenant not to sue. As I will charge you hereafter, the jury has a right to take into consideration, under these circumstances, the amount of money that has been received by the plaintiff in this case and to deduct such money from any award that the jury might give to the plaintiff, if the jury first determines that the defendant is negligent and that the negligence of the defendant is a proximate cause of the accident, and the jury, therefore, passes on to the consideration of question of the amount of the award. What I am saying to you in effect is that the question of the thousand dollars comes into play and comes into consideration upon your determining, first of all, the question of liability, and then when you consider the question of damages, you are to keep in mind that the defendant is to be given credit for the thousand dollars which has been paid by a third party in any verdict you might render."

We regard the court's handling of this question and instruction as eminently fair and find no error in this regard. See *Taliaferro* v. *Pere Marquette Railway Co.* (1930), 249 Mich 281, and *Larabell* v. *Schuknecht* (1944), 308 Mich 419. Inasmuch as the court determined the legal question favorably to the appellant he should not be heard to complain.

We have reviewed the trial court's charge to the jury as a whole. *Miller* v. *Cook* (1940), 292 Mich 683; *Zebell* v. *Krall* (1957), 348 Mich 482. We find

no prejudicial error in it. We do not agree that the court's instruction: "There may be more than one proximate cause; there may be two" was error in the context in which it was used even if we regarded it as a limitation rather than an illustration. Viewing the charge as a whole, it cannot be said that the instruction was misleading. In the comprehensive charge to the jury the trial judge used the phrase "a proximate cause" at least seven times. This repetition of terminology was certainly sufficient to make it clear to the jury that there can be more than one—and certainly not limited to two—proximate causes in a negligence action.

The last allegation of error is that the court erred in reading the defendant's version of the accident claimed at pretrial to the jury. The thrust of the argument is that there was no evidence upon which the jury could find the facts to be as alleged in the defendant's version.

The five claims as read by the court were:

1. The defendant's driver proceeded south a distance of approximately 3/10 of a mile.

2. That the accident was due to the conduct of the child in running across the street.

3. That the oncoming driver William McCall's negligence was an intervening proximate cause of the accident.

4. That the acts of William McCall and the child were independent intervening causes which would relieve the defendant of liability.

5. That there was no statute in the State of Michigan which required the driver of the bus to see that the children passed in front of the bus, escort them across the road, or do anything other than what the driver did under the evidence in this case.

As to the first, the testimony of the witnesses as to the speed and direction of the bus could ade-

quately support a conclusion that the bus proceeded as claimed.

Secondly, the conduct of the child in running across the street could reasonably be found to be the cause of the accident. The court's instruction stated the Michigan law that a child of the age of Joy Ann could not be held legally at fault.

Next, the testimony of William McCall describing his driving raised a question for the jury as to whether or not it was negligent and whether or not it was the intervening cause of the accident. We cannot say as a matter of law from this record he was not negligent.

The fourth claim could be established in the minds of the jury upon their resolution of the second and third claims favorably to the defendant.

Lastly the plaintiff asserted in his pleadings that the bus was a school bus subject to statutory regulation of its operation.* The question of whether the Greyhound bus was a school bus under Michigan law was properly a question of law for the determination of the court.

We find no merit in the remainder of the errors assigned by appellant. Affirmed, with costs to appellee.

LESINSKI, C. J., and RASHID, J., concurred.

---

* CLS 1956, § 257.682, as amended by PA 1957, No 284 (Stat Ann 1957 Cum Supp § 9.2382).