MACKEY v ISLAND OF BOB-LO COMPANY

1. NEGLIGENCE—PRIMA FACIE CASE—EVIDENCE.

Plaintiff presented a *prima facie* case of negligence where the evidence, viewed in the light most favorable to plaintiff, showed that plaintiff paid to skate at defendant's roller skating rink, that defendant knew that its roof leaked during heavy storms, a storm arose creating puddles on the rink, and that defendant failed to remove the water or place guards around the wet area, but only gave a general warning to avoid the puddles.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—KNOWN DANGER.

The fact that a plaintiff is as aware of the injury-producing danger does not make her actions contributorily negligent as a matter of law; injury alone does not warrant a conclusion of lack of care.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—KNOWN DANGER—QUESTION OF FACT.

Plaintiff's knowledge that defendant's roller-skating rink was wet and had several puddles on it did not make her continued skating contributory negligence as a matter of law where other skaters continued skating and where plaintiff affirmatively tried to avoid the puddles; a question of fact as to contributory negligence was created.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 January 7, 1972, at Detroit. (Docket No. 10904.) Decided February 28, 1972.

REFERENCES FOR POINTS IN HEADNOTES

[1] 62 Am Jur 2d, Premises Liability §§ 219, 220.
[2] 57 Am Jur 2d, Negligence § 295 *et seq.*
  62 Am Jur 2d, Premises Liability § 290.
[3] 62 Am Jur 2d, Premises Liability §§ 290, 296.

Complaint by Agnes Mackey and Andrew Mackey against the Island of Bob-Lo Company for injuries sustained due to the negligent operation of a skating rink. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Joseph R. Brom,* for plaintiffs.

*Alexander, Buchanan & Seavitt* (by *James S. Goulding*), for defendant.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM. Defendant, Island of Bob-Lo Company, appeals from a denial of its motion for a directed verdict and a judgment notwithstanding the verdict. GCR 1963, 515.1, 515.2. This case arose from injuries sustained by the plaintiff Agnes Mackey, who fell on striking a puddle of water in the roller skating rink defendant operated for public use. While she was skating, a sudden storm arose. The rain leaked through the rink's roof, creating puddles. The jury found for plaintiffs.

The test for reviewing a refusal of a directed verdict and a judgment notwithstanding the verdict is whether, viewing the facts most favorably to the opposing party, reasonable men could differ. If they can, the question is for the jury. *Little* v *Borman Food Stores, Inc,* 33 Mich App 609 (1971).

Defendant contends that the trial judge erred in denying its motions since plaintiffs have failed to present a *prima facie* case of negligence and that, if such a case was presented, plaintiff Agnes Mackey was contributorily negligent as a matter of law.

Viewing the evidence in a light most favorable to plaintiffs, we find that plaintiff Agnes Mackey was

skating on a facility maintained by defendant for that purpose, for hire. The roof leaked during heavy storms, as defendant knew. When a sudden storm arose, defendant allegedly made no effort to remove the hazard beyond giving a general warning to avoid the puddles. Plaintiffs allege that defendant failed to protect its customers by failing to remove the water and by not placing guards on the skating surface. Plaintiffs presented a *prima facie* case of negligence for the jury to decide.

Defendant has the burden of proving contributory negligence as an affirmative defense. *Cooper* v *Tranter Manufacturing Inc,* 4 Mich App 71 (1966). Generally, the reasonableness of a party's conduct under the circumstances is a question for the jury. *Thompson* v *Essex Wire Co,* 27 Mich App 516 (1970).

Defendant contends that plaintiff Agnes Mackey continued to skate despite an obvious hazard. The fact that she was aware of the danger does not make her actions contributorily negligent as a matter of law. Injury alone does not warrant a conclusion of lack of care. *Pollack* v *Oak Office Building,* 7 Mich App 173 (1967). She was joined by numerous other skaters during the storm. Their presence raises sufficient doubt to defeat the position that reasonable minds could not differ. Further, at the time of the injury, she was affirmatively trying to avoid the puddles. She was not taking the alternative with the greatest risk to her. This distinguishes this case from *Jones* v *Michigan Racing Association,* 346 Mich 648 (1956), which defendant relies on. The question of her contributory negligence was for the jury. *Pigg* v *Bloom,* 22 Mich App 325 (1970).

Affirmed.