## AWEDIAN v THEODORE EFRON MANUFACTURING COMPANY

1. PRODUCTS LIABILITY—PLEADING—NEGLIGENCE—BREACH OF WARRANTY—PROOF.

A plaintiff in a products liability case may plead both negligence and breach of warranty, and a failure to recover on one theory does not preclude recovery on the other; in warranty theory a plaintiff need not prove negligence to recover but must show the existence of a defect and a causal relationship to the injury, while under negligence theory the plaintiff must show the existence of a duty, the breach of that duty, and a causal relationship between the breach and the injury.

2. INTEREST—JUDGMENT—PLEADING—AMENDED PLEADING—STATUTES —COURT RULES.

Interest on any money judgment is allowed from the date on which the complaint was filed, and any amendment of the pleadings relates back to the date of the original pleading; therefore, a defendant who was added as a party in an amended pleading and found liable for money damages was properly assessed interest from the date of the original pleading, not from the date of the amendment (MCLA 600.6013; MSA 27A.6013; GCR 1963, 118.4).

3. APPEAL AND ERROR—MOTIONS—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING THE VERDICT.

Denial of a defendant's motions for a directed verdict at the close of the plaintiff's case and for a judgment notwithstanding the verdict was proper where a review of the record, viewing the evidence in the light most favorable to the plaintiff, convinces the Court of Appeals that reasonable men could differ and the case was therefore properly before the jury.

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Products Liability § 218 *et seq.*
Construction and effect of UCC Art 2, dealing with sales. 17 ALR3d 1010.
[2, 4] 45 Am Jur 2d, Interest and Usury §§ 96, 97.
Date of verdict or date of entry of judgment thereon as beginning of interest period on judgment. 1 ALR2d 479.
[3] 75 Am Jur 2d, Trial § 524 *et seq.*

4. Interest—Judgment—Settlement—Damages—Amount Recovered—Statutes.

Interest on a money judgment was properly computed only on the amount recovered from a single defendant where there were several defendants, the plaintiff reached a settlement with all but one of the defendants, and the jury was told to determine damages and deduct the amount of the settlement; statutory interest is allowed on any money judgment recovered, and because the plaintiff did not obtain a judgment against those defendants with whom he settled, he is not entitled to interest on that portion of the total damages (MCLA 600.6013; MSA 27A.6013).

Appeal from Charlevoix, Richard Robinson, J. Submitted October 10, 1975, at Grand Rapids. (Docket No. 20222.) Decided January 6, 1976. Leave to appeal denied, 396 Mich 856.

Complaint by Miran Awedian and Agawni Awedian against Theodore Efron Manufacturing Company and others for damages for injuries received in a fall. Plaintiffs settled with the other defendants, and a judgment was entered for plaintiffs against Theodore Efron Manufacturing Company. Defendant appeals, and plaintiffs cross-appeal. Affirmed.

*James, Dark & Craig,* for defendant.

*Gelman & Hand, P. C.* (by *Martin Stoneman),* for plaintiffs.

Before: N. J. Kaufman, P. J., and R. B. Burns and Deneweth,* JJ.

N. J. Kaufman, J. Plaintiff Miran Awedian brought suit for injuries incurred when he slipped and fell while taking a shower in a room at the Boyne Mountain Lodge where he was staying as a paying guest. Plaintiff claimed that, while falling,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he thrust his right arm through the glass of a bathtub enclosure door and suffered permanent functional disability of his right arm.

Plaintiffs' original action was filed on January 19, 1968 against Boyne Mountain Lodge, Inc. Subsequently, plaintiffs filed an amended complaint which added Theodore Efron Manufacturing Company (Efron), the manufacturer of the glass door, as a party defendant. The amended complaint sounded in both negligence and breach of implied warranty. Plaintiffs later asked and received permission to file a second amended complaint which added several other party defendants. A jury trial was commenced in Charlevoix County Circuit Court on October 23, 1973. However, before the case went to the jury, plaintiffs settled with all defendants but Efron for $65,000. The jury returned a verdict against Efron in favor of plaintiff Miran Awedian for $65,000 and also awarded his wife Agawni $20,000 for loss of consortium. A judgment was entered in this amount with interest assessed from January 19, 1968, the date the original suit was initiated. Both plaintiffs and defendant Efron appeal as of right.

Defendant's first claim on appeal is that because the jury, by means of special verdicts, held that Efron was guilty of ordinary negligence but was not guilty of breach of implied warranty, its verdict should be declared invalid inasmuch as the two verdicts are irreconcilably inconsistent and contradictory.

We disagree. A review of Michigan case law, most notably the seminal case of *Spence v Three Rivers Builders and Masonry Supply, Inc,* 353 Mich 120; 90 NW2d 873 (1958), and the significant analysis of *Cova v Harley Davidson Motor Co,* 26 Mich App 602; 182 NW2d 800 (1970), clearly dem-

onstrates that negligence and implied warranty are theories different in both legal content and factual requisites. In *Spence,* the Supreme Court analyzed past precedent and specifically rejected language which indicated that the theories were identical. The Court held that recovery should have been granted "either on a theory of negligence *or* implied warranty". 353 Mich at 135. (Emphasis supplied.)

In *Cova,* this Court emphasized the differing proof required. Through now Justice Levin, we stated that, in warranty theory, either the contractual warranty or tort warranty of fitness, a plaintiff need not prove negligence to recover. 26 Mich App at 611–612. In warranty theory, a plaintiff need not show negligence but must show the existence of a defect and a causal relationship to the injury. Under negligence theory, a plaintiff must show the existence of a duty, the breach of that duty and a causal relationship between the breach and the injury. Thus, the theories may be plead together, and a failure to recover on one does not preclude recovery on the other.

Defendant further claims that it should be assessed interest not from January 19, 1968, the date on which plaintiffs filed suit, but rather from April 29, 1969, the date on which defendant was added as a party defendant. We find that the case of *Michigan Mutual Liability Co v Staal Buick, Inc,* 41 Mich App 625; 200 NW2d 726 (1972), requires our rejection of this claim. In that case, as here, a party who was added as a defendant by an amended complaint requested that interest be taxed from the date it entered the litigation. The *Michigan Mutual* panel's rejection of this claim was premised on MCLA 600.6013; MSA 27A.6013, which provides that interest on any money judg-

ment shall be allowed from the date on which the complaint was filed and on GCR 1963, 118.4 which requires that any amendment of the pleadings relates back to the date of the original pleading. Defendant here attempts to distinguish *Michigan Mutual* by arguing that the other defendants in that case did not, as here, reach a settlement and get dismissed from the case. Defendant argues that this dismissal has the effect of negating the original complaint against the other defendants and of turning the amended complaint into a new original complaint. However, defendant cites no authority for this argument, and we can find none.

Defendant also contends that the trial court erred by refusing to grant defense motions for a directed verdict at the close of plaintiffs' case and for a judgment notwithstanding the verdict. Our review of the record convinces us that, viewing the evidence in the light most favorable to plaintiffs, reasonable men could differ and that, therefore, the case was properly before the jury. *Mackey v Island of Bob-Lo Co,* 39 Mich App 64; 197 NW2d 151 (1972). We find that defendant's other claims of error are without merit and do not require discussion.

Plaintiffs cross-appeal on the theory that the trial court erred by computing statutory interest on $85,000, the amount of damages to be paid by Efron rather than on $150,000, the total amount of damages without regard to the monies obtained from a settlement with the other defendants. The jury was instructed that plaintiffs had previously obtained a $65,000 settlement from the other defendants. It was then told that it should determine damages without reference to the settlement and then deduct the settlement sum from that figure. See *King v Greyhound Corp,* 4 Mich App 364; 144 NW2d 841 (1966), lv den 378 Mich 746 (1966).

We find this argument novel and interesting but without merit. As defendant notes, MCLA 600.6013; MSA 27A.6013, provides for interest on "any money judgment *recovered*". (Emphasis supplied.) Plaintiffs did not recover $150,000 from Efron. By accepting $65,000 in settlement, plaintiffs waived the right to statutory interest on that amount because no final judgment was rendered against the other defendants. Plaintiffs traded off the loss of this interest for the value of a settlement.

Affirmed. No costs, neither party having prevailed in full.