BREWER v PAYLESS STATIONS, INC

Docket No. 63767. Argued March 3, 1981 (Calendar No. 1).—Decided March 1, 1982.

John Brewer brought an action for damages against Payless Stations, Inc., alleging that its negligence in designing and maintaining a gasoline service station caused an automobile collision and fire in which the plaintiff was injured, and against General Motors Corporation, alleging that its negligence in designing and manufacturing the gasoline tank of the Chevelle automobile in which the plaintiff was riding also caused his injuries. The plaintiff settled his claim against General Motors Corporation for $150,000, and released GM from liability. The Wayne Circuit Court, John M. Wise, J., denied the plaintiff's motion *in limine* for an order prohibiting any reference to the settlement in the presence of the jury. The Court of Appeals, T. M. Burns, P.J., and M. F. Cavanagh and MacKenzie, JJ., on an interlocutory appeal, reversed in a per curiam opinion, holding that evidence of the settlement is irrelevant (Docket No. 78-1845). Defendant Payless Stations, Inc., appeals.

In a unanimous opinion per curiam, the Supreme Court *held:*

As a matter of policy, rather than of law, the procedure shall be that when there is no genuine dispute regarding either the existence of a release or a settlement between plaintiff and a codefendant or the amount to be deducted, the jury shall not be informed of the existence of a settlement or the amount paid, unless the parties stipulate otherwise. Following the jury verdict, upon motion of the defendant, the court shall make the necessary calculation and find the amount by which the jury verdict will be reduced.

1. The plaintiff argues for the "court rule", by which the jury determines the total damages without reference to the settlement and the court makes the appropriate deduction. The defendant argues for the "jury rule", by which the jury is informed of the amount of the settlement and makes the appropriate deduction in arriving at the verdict; the defendant also argues for stability in the law.

2. The Court is looking for greater stability in the law, but is persuaded that the "jury rule" will not lead in that direction.

The "jury rule" can work to the disadvantage of either the plaintiff or the defendant. If the fact and amount of settlement have no bearing upon either liability or ultimate damages, there is little cause to burden the jury with the added duty of calculating a liquidated settlement into its deliberations. The uncertainty of juror reaction to the fact of an indemnity release is a foreseeable deterrent to settlements. The "court rule" is more consistent with the policy of the Court to encourage settlements.

Affirmed.

94 Mich App 281; 288 NW2d 352 (1979) affirmed.

*Richard M. Goodman, P.C.* (by *Susan M. Lister; Robb, Dettmer & Phillips, P.C.,* by *George R. Thompson,* of counsel), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C. (Gromek, Bendure & Thomas,* of counsel), for defendant.

PER CURIAM. Plaintiff was injured in an automobile accident on February 8, 1970. He filed suit January 24, 1973, alleging that an automobile with unknown occupants recklessly drove out of a Payless gas station and caused plaintiff's vehicle to swerve into oncoming traffic. It was struck by a car moving in the opposite direction. The fuel tank erupted and plaintiff was severely burned.

The complaint alleged that Payless had negligently designed its station and maintained a nuisance. It joined General Motors Corporation as a defendant, claiming a negligent design of the automobile's fuel tank.

In 1976, plaintiff and General Motors executed an indemnity release. In consideration of $150,000, plaintiff released General Motors from any liability for his injuries.

On May 8, 1978, plaintiff filed a motion *in limine* seeking an order prohibiting any reference

to the settlement with General Motors in the presence of the jury. The trial judge denied the motion. Plaintiff brought an interlocutory appeal and the Court of Appeals reversed.

We affirm the conclusion of the Court of Appeals that the judge shall make the deduction of $150,-000 from any damages which the jury finds plaintiff to have suffered. However, we reach this conclusion as a matter of policy rather than of law.

## I

The parties agree that the defendant is entitled to a deduction of $150,000 from the damages determined by the jury. The parties disagree as to whether this deduction should be made by the judge or jury. The practice differs across the state and nation. The question requires resolution so far as the orderly administration of justice in Michigan is concerned.

Foremost, the approach of the parties to a trial is significantly affected by the determination of whether the settlement—and the amount received by the plaintiff—is known to the jury. The presentation of evidence, arguments of counsel and instructions to the jury hang upon this issue. The procedural posture of this pretrial interlocutory appeal permits us to focus upon the one issue: Does the judge or the jury deduct the amount of the settlement from the total jury award of damages under the facts of this case in which evidence of the amount has no bearing on a material issue of fact?[1]

[1] "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court. Evidence which is not relevant is not admissible." MRE 402.

Because the issue is decided as a matter of policy, it serves no purpose to distinguish or possibly overrule prior appellate decisions in Michigan which hold that the jury should make the calculations.[2] It is equally fruitless to analyze the split of opinion among panels of the Court of Appeals.[3]

It should be noted, however, that there has been considerable movement in other states towards what is sometimes called the "court rule" in similar cases (*i.e.,* the jury determines the total damages and the court makes the appropriate deduction).[4]

Because of divergent opinions largely based upon other divergent opinions, we find the "written word" blending into opaque law. We are persuaded, therefore, to take in hand an eraser. How-

[2] See *Stitt v Mahaney,* 403 Mich 711; 272 NW2d 526 (1978), *Manuel v Weitzman,* 386 Mich 157; 191 NW2d 474 (1971), *Larabell v Schuknecht,* 308 Mich 419; 14 NW2d 50 (1944), *Awedian v Theodore Efron Manufacturing Co,* 66 Mich App 353; 239 NW2d 611 (1976), *Reno v Heineman,* 56 Mich App 509; 224 NW2d 687 (1974), *Steele v Wilson,* 29 Mich App 388; 185 NW2d 417 (1971), *Cooper v Christensen,* 29 Mich App 181; 185 NW2d 97 (1970), *Chunko v LeMaitre,* 10 Mich App 490; 159 NW2d 876 (1968), *King v Greyhound Corp,* 4 Mich App 364; 144 NW2d 841 (1966).

[3] Compare *Croda v Sarnacki,* 106 Mich App 51; 307 NW2d 728 (1981), and *Wilson v W A Foote Memorial Hospital,* 91 Mich App 90; 284 NW2d 126 (1979), with *Kueppers v Chrysler Corp,* 108 Mich App 192; 310 NW2d 327 (1981), *Silisky v Midland-Ross Corp,* 97 Mich App 470; 296 NW2d 576 (1980), and *Brewer v Payless Stations, Inc,* 94 Mich App 281; 288 NW2d 352 (1979).

[4] See, *e.g., Luth v Rogers & Babler Construction Co,* 507 P2d 761 (Alas, 1973); *Egurrola v Szychowski,* 95 Ariz 194; 388 P2d 242 (1964), *Brooks v Daley,* 242 Md 185; 218 A2d 184 (1966), *McCombs v Stephens,* 252 SC 442; 166 SE2d 814 (1969). Some courts, in adopting the "court rule", expressly overruled or limited earlier cases which had endorsed the "jury rule". See, *e.g., Pease v Beech Aircraft Corp,* 38 Cal App 3d 450; 113 Cal Rptr 416 (1974), *Orr v Coleman,* 455 SW2d 59 (Ky, 1970), *Silisky v Midland-Ross Corp,* 97 Mich App 470; 296 NW2d 576 (1980), and *Slayton v Ford Motor Co,* 140 Vt 27; 435 A2d 946 (1981). See generally Anno: *Manner of crediting one tortfeasor with amount paid by another for release or covenant not to sue,* 94 ALR2d 352, 360-373 (1964).

ever, as we clean the board, we assuredly should retain some of the philosophy and experienced observations which are our gifts from other minds.

## II

Aside from persuasive legal and procedural arguments presented by both plaintiff and defendant, plaintiff argues that introduction to the jury of the settlement with General Motors could appear to the jury as an admission of liability, but with the real defendant out of the lawsuit. He also argues that the jury could use the settlement amount as a measure of damages. If the settlement was for a relatively low amount compared to plaintiff's claim, plaintiff fears the jury would use it as a measure of actual damages.[5] On the other hand, if the amount of settlement was large, the jury might conclude that the settling party was primarily responsible.[6] He also contends that the probative value of this evidence is minimal because of his agreement as to the amount of the settlement which would be deducted from the total damages. By contrast, the prejudicial effect would be great and it would be unfair.

Defendant argues that the jury should not be "kept in the dark" if it is to deliver a considered judgment. It is inappropriate to conclude that the jury will not follow instructions or fail to perform its duties in other respects, so defendant urges the Court to believe that taking the calculation of settlement from the jury would be a "sad commentary upon the constitutional guarantee of trial by

---

[5] *State v Ingram,* — Ind App —; 399 NE2d 808 (1980), *Degen v Bayman,* 86 SD 598; 200 NW2d 134 (1972), *Slayton, supra.*

[6] *Burger v Van Severen,* 39 Ill App 2d 205; 188 NW2d 373 (1963), *Ingram, supra.*

jury (Const 1963, art 1, § 14; US Const, Am VII)". Defendant believes that the "court rule" would involve a greater risk of impermissible conduct by jurors than the "jury rule" precisely because of their ignorance. Defendant argues for stability in the law.

## III

We, also, look for an avenue to greater stability, but are persuaded that the "jury rule" will not lead in that direction.

Essentially, such a rule is a two-edged sword. It cuts both ways. Some of the plaintiff's arguments above could be used by a defendant. For example, the mere fact of settlement by a codefendant could suggest liability on the part of a blameless non-settling defendant. The amount of the settlement, if large, might tend to suggest a higher value of a claim. If small, the jury might tend to "make it up" by a higher verdict as to the non-settling tortfeasor. See *Orr v Coleman,* 455 SW2d 59 (Ky, 1970), in which the court found jury consideration of the fact and amount of settlement prejudicial to defendant non-settling tortfeasor.

On the other hand, a small settlement could disadvantage a plaintiff if the jury perceived that amount as bearing on the total value of the claim. The jury also might consider its duty to be diminished by settlement or consider the amount involved to be adequate regardless of the non-settling defendant's liability.

It is true that juries are expected to consider complicated facts and instructions and that our adversary system relies upon their ability to do so before reaching their conclusions. It is also true

that jurors are human and so are subject to suggestion and sometimes to confusion concerning the relative importance of a mass of factual material and its relationship to instructions from the bench.

If facts such as here before us have or should have no bearing upon either liability or ultimate damages, there appears to be little cause to burden the jury with the added duty of calculating a liquidated settlement into its deliberations. See *Slayton v Ford Motor Co,* 140 Vt 27; 435 A2d 946 (1981).

Finally, the uncertainty of juror reaction to the fact of an indemnity release is considered as a foreseeable deterrent to settlements between plaintiffs and codefendants. We find the "court rule" to be more consistent with the existing policy of this Court to encourage settlements when feasible.

Therefore, in all cases which commence trial after the date of this decision, the policy in Michigan shall be: When there is no genuine dispute regarding either the existence of a release or a settlement between plaintiff and a codefendant or the amount to be deducted, the jury shall not be informed of the existence of a settlement or the amount paid, unless the parties stipulate otherwise. Following the jury verdict, upon motion of the defendant, the court shall make the necessary calculation and find the amount by which the jury verdict will be reduced.

The result of the Court of Appeals is affirmed.

No costs, this being a question of policy.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.