QUARTERS v MICHIGAN PHYSICIANS MUTUAL LIABILITY
COMPANY

Docket No. 85193. Submitted March 13, 1986, at Lansing. Decided
September 9, 1986.

Jack E. Quarters, a physician, and his professional corporation
were insured under a professional malpractice policy issued by
Michigan Physicians Mutual Liability Company with a liability
limit of $100,000 per occurrence. The estate of one of Dr.
Quarters' former patients filed a malpractice action against Dr.
Quarters on April 20, 1983. On March 14, 1984, the estate
offered to settle the malpractice case for the policy limit of
$100,000 plus prejudgment interest from the date of the filing
of the complaint, the offer being conditioned upon the entry of
an offer of judgment. Michigan Physicians informed the estate
that it was willing to pay only $100,000 including interest and
costs. The estate indicated that it would not settle unless
prejudgment interest from the date of filing the complaint was
paid in addition to the $100,000 policy limit. The insurer
evaluated full liability of the estate's claim at $250,000 with a
ninety percent chance that the estate would win if the matter
went to trial. Under the circumstances, Dr. Quarters elected to
pay the $14,000 in accrued presettlement interest to be com-
bined with the $100,000 paid by Michigan Physicians in order
to secure a settlement with the estate. After the $114,000 was
paid to the estate, the estate's case was dismissed with preju-
dice. Dr. Quarters and his professional corporation brought an
action in Saginaw Circuit Court, seeking recovery from Michi-
gan Physicians of the $14,000 that had been contributed to the
settlement and alleging breach of contract. Defendant moved
for summary judgment on the basis that, as a matter of law, it
was not obligated to pay the interest. The trial court, Robert S.

REFERENCES

Am Jur 2d, Insurance §§ 159, 1003, 1447, 1881, 2051-2056.

Am Jur 2d, Interest and Usury §§ 59, 60, 73, 74, 96, 97.

Validity and construction of statute or rule allowing or changing
rate of prejudgment interest in tort actions. 40 ALR4th 147.

Automobile insurer's liability for statutory excess interest for de-
layed payment of no-fault claim. 14 ALR4th 761.

Gilbert, J., granted defendant's motion for summary judgment. Plaintiffs appealed.

The Court of Appeals *held:*

1. Since there was no agreement that the insurer would be responsible for any prejudgment interest in excess of the policy limit, there was no obligation on the part of the insurer to accept the offer of settlement which would have required it to settle for the policy limit plus accrued prejudgment interest. The insurer's refusal to accept the settlement offer was not a breach of its good faith obligation to represent Dr. Quarters in any malpractice action brought against him.

2. Since prejudgment interest is deemed waived by a settlement, irrespective of whether the settlement results in a dismissal with prejudice or a consent judgment, the insurer could properly refuse a settlement which required the payment of prejudgment interest where the payment of such interest would require the insurer to make a payment in excess of the policy limit.

Affirmed.

1. INTEREST — PREJUDGMENT INTEREST — SETTLEMENTS.

A plaintiff who dismisses a claim following settlement of that claim with the tortfeasor waives the right to statutory prejudgment interest, because under those circumstances there is no final judgment entered.

2. INTEREST — PREJUDGMENT INTEREST — SETTLEMENTS — INSURANCE.

An insurer is not legally responsible, in the absence of an agreement to do so, to pay prejudgment interest on a settlement with a plaintiff in a tort action against the insurer's insured; accordingly, an insured has no right to insist that the insurer accept and pay a settlement offer which is for the policy limits plus any accrued prejudgment interest.

3. INSURANCE — SETTLEMENTS — GOOD FAITH.

It is not a breach of good faith for an insurer to refuse to accept a settlement offer in a tort action against its insured in the amount of the policy limits plus accrued prejudgment interest unless the insurance contract requires that any prejudgment interest be in addition to the policy limits.

4. INTEREST — PREJUDGMENT INTEREST — SETTLEMENTS — CONSENT JUDGMENT.

The right to prejudgment interest is waived by a settlement, absent an agreement to the contrary, irrespective of whether the settlement results in a dismissal of the action or a consent judgment.

*John F. O'Grady, P.C.* (by *John F. O'Grady*), for plaintiff.

*Kerr, Russell & Weber* (by *Monte D. Jahnke* and *Robert R. Florka*), for defendant.

Before: MACKENZIE, P.J., and ALLEN and G. W. CROCKETT III,* JJ.

PER CURIAM. Plaintiff physician and his professional corporation (collectively referred to as plaintiff) appeal as of right from an order granting summary judgment pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8), in favor of defendant. We affirm.

On April 20, 1983, the estate of Arthur C. Hilderbrant filed a medical malpractice action against plaintiff. On the date of the alleged negligence, plaintiff was insured for professional malpractice under a policy issued by defendant insurer. The policy limited defendant's liability to $100,000 per occurrence. Pursuant to the policy, defendant undertook to defend plaintiff in the malpractice action.

On March 14, 1984, the Hilderbrant estate offered to settle the malpractice case for the policy limit of $100,000 plus interest at twelve percent, conditioned upon the entry of an offer of judgment. Defendant informed the estate that it was willing to pay only $100,000, including interest and costs. The estate refused to accept the offer unless interest from the date of filing the complaint was paid in addition to $100,000.

In the meantime, defendant evaluated the full liability of the estate's claim against plaintiff at $250,000 and predicted that the estate had a

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

ninety percent chance of winning at trial. In light of this evaluation and subsequent to defendant's refusal to settle in excess of its $100,000 policy limit, plaintiff elected to pay the estate $14,000 "presettlement interest." The parties to the malpractice action then entered into an agreement whereby the estate released all claims against plaintiff in exchange for the payment of $114,000, $100,000 of which was paid by defendant. The case was dismissed with prejudice.

On November 27, 1984, plaintiff filed a complaint against defendant alleging that defendant breached its contract of insurance by not paying interest on the $100,000 settlement. Plaintiff also alleged that defendant breached its duty of good faith by failing to act in plaintiff's best interest in defending the malpractice action. Defendant responded by filing a motion for summary judgment pursuant to GCR 1963, 117.2(1) and (3). Defendant contended that it was not obligated to pay interest on the policy limit when settling the lawsuit. The trial court agreed and granted summary judgment in favor of defendant apparently pursuant to GCR 1963, 117.2(1), ruling that defendant had no legal duty to pay anything more than the amount of the policy limit in settlement of the lawsuit.

On appeal, plaintiff contends that the trial court erred in concluding that plaintiff failed to state a claim for breach of contract, since defendant had no obligation to pay presettlement interest. In support of this contention, plaintiff cites MCL 600.6013; MSA 27A.6013, which authorizes prejudgment interest on a money judgment recovered in a civil action at a rate of twelve percent per year for a lawsuit filed after June 1, 1980, and the clause of his insurance policy obligating defendant to pay on behalf of its insured those damages for which the insured is legally responsible. Plaintiff

reasons that, since under the statute he would have been legally responsible for prejudgment interest in the malpractice action, defendant's own policy obligates it to pay the amount of that interest.

Plaintiff's argument fails in its premise that the prejudgment interest statute, MCL 600.6013, MSA 27A.6013, is applicable on these facts. This Court has twice held that where a case is terminated by dismissal following a settlement the right to statutory prejudgment interest is waived—and, hence, the legal responsibility to pay such interest is removed—because no final judgment was rendered. *Silisky v Midland-Ross Corp,* 97 Mich App 470, 476; 296 NW2d 576 (1980), lv den 414 Mich 868 (1982); *Awedian v Theodore Efron Mfg Co,* 66 Mich App 353, 357-358; 239 NW2d 611 (1976), lv den 396 Mich 856 (1976). See also *Commercial Union Ins Co v The Shelby Mutual Ins Co,* 563 F Supp 803 (ED Mich, 1983); *Darnell v Auto-Owners Ins Co,* 142 Mich App 1; 369 NW2d 243 (1985); *Celina Mutual Ins Co v Citizens Ins Co of America,* 133 Mich App 655; 349 NW2d 547 (1984). In *Young v Robin,* 146 Mich App 552; 382 NW2d 182 (1985), lv den 424 Mich 900 (1986), this Court recently extended the holding of *Silisky* and *Awedian* to consent judgments which do not include an agreement to pay prejudgment interest. *Denham v Bedford,* 407 Mich 517; 287 NW2d 168 (1980), relied upon by plaintiff, is inapposite to the instant case since in that case judgment was entered on a jury verdict which expressly awarded prejudgment interest.

Applying the rule of *Silisky, Awedian,* and *Young* to the instant case, it is clear that neither plaintiff nor defendant was statutorily obligated to pay prejudgment interest in the settlement of the underlying malpractice suit. Because plaintiff was

not legally responsible for presettlement interest, it follows that defendant could not be obligated under the cited contract clause to pay interest. When considering a motion for summary judgment pursuant to GCR 1963, 117.2(1) the court must consider only the complaint and must accept all well-pled allegations as true. The court must then determine whether the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Commercial Union Ins Co v The Medical Protective Co,* 136 Mich App 412, 416; 356 NW2d 648 (1984), lv gtd 422 Mich 939 (1985). Here, the trial court did not err in granting summary judgment on plaintiff's breach of contract claim.

Plaintiff also contends that the trial court erred in granting summary judgment with respect to his claim that defendant breached its duty of good faith. Plaintiff maintains that defendant had a duty to enter into a consent judgment which would subject defendant to payment of its policy limits plus presettlement interest and that, in refusing to do so, defendant breached its duty of good faith by putting its own interests ahead of those of its insured. We cannot agree.

The obligation of an insurer to protect in good faith its insured arises out of contract. *City of Wakefield v Globe Indemnity Co,* 246 Mich 645, 649; 225 NW 643 (1929); *Rutter v King,* 57 Mich App 152, 168; 226 NW2d 79 (1974). This obligation is not absolute, however. The policy limit constitutes a "dead line of contractual power, obligation, and duty." *City of Wakefield, supra,* p 649. The insured pays for protection to that amount only, and the insurer has no obligation to indemnify him in a greater sum. *Id.*

The policy of insurance in the instant case provided a contractual limit of $100,000. The policy

further stated that defendant's liability for damages shall not exceed the stated limit. The policy did not provide for payment of presettlement interest or payment of an amount in excess of its liability limit in settling a claim brought against its insured. As noted above, defendant was not liable under the prejudgment interest statute for interest on amounts paid in settlement of the underlying malpractice action. Further, an insurer is not required to pay an amount in excess of the policy limit in settlement of the claim. *Wakefield, supra,* pp 649-650. Plaintiff's argument that defendant placed its interest above that of its insured by refusing to pay the interest on the settlement is thus without merit in view of the applicable law. Defendant had no legal or contractual duty to pay in excess of its policy limit, or to pay presettlement interest on the amount paid in settlement of the malpractice action against plaintiff. No factual development could support a right to recovery where defendant had no obligation to pay the $14,000 in excess of the policy limit. Accordingly, summary judgment for failure to state a claim was proper.

Finally, we wish to point out that plaintiff's underlying assumption, that defendant refused to enter into a consent judgment because such an action would necessarily subject defendant to payment of presettlement interest, is legally flawed. As previously noted, this Court had recently held that the prejudgment interest statute does not apply to consent judgments where the parties have not reached an agreement as to interest. *Young, supra.* Moreover, under the new court rules, MCR 2.405(A)(1), an offer of judgment "is deemed to include all costs and interest then accrued," thus taking judgments entered under that rule outside the scope of the prejudgment interest statute. See

*Young, supra,* p 556, n 2, and concurring opinion of MAHER, J. In view of these authorities it is clear that under the present state of the law, an insurer does not "escape" liability for prejudgment interest simply by refusing to enter into a consent judgment when settling a case. Settlement by consent judgment or by release, the result is the same: unless the parties expressly agree otherwise, the insurer and his insured are not obligated to pay prejudgment interest.

Affirmed.