LIIMATTA v LUKKARI

Docket No. 111846. Submitted May 14, 1990, at Marquette. Decided June 14, 1990.

Michael K. Liimatta, as personal representative of the estate of Paul E. Liimatta, deceased, and along with others, brought a wrongful death action against Ronald W. Lukkari and others in the Houghton Circuit Court. State Farm Automobile Insurance Company, Lukkari's insurer, intervened as a defendant and entered into an agreement with plaintiffs to tender its policy limits of $50,000 in settlement of the claim against Lukkari. Plaintiffs demanded the policy limits plus interest thereon from the date of their complaint. On motion by State Farm, the trial court, Stephen D. Condon, J., declared that State Farm had no obligation to pay interest. Plaintiffs appealed.

The Court of Appeals *held:*

1. An insurer's duty under its policy to use good faith in attempting to settle a claim against its insured runs only to the insured, not to the injured party. Plaintiffs in this case therefore cannot claim that State Farm was obligated to offer interest on the settlement on the basis of its duty to negotiate settlements in good faith.

2. Under the unambiguous language of its policy, State Farm agreed to pay any interest which the insured would have been required to pay incident to a judgment. Since there was no judgment in this case, plaintiffs may not rely on this policy language in claiming that they are entitled to interest.

3. There is no statutory right to prejudgment interest on settlements.

Affirmed.

1. Insurance — Claims Against Insured — Duty to Negotiate in Good Faith.

An insurer's duty under its policy to use good faith in attempting to settle a claim against its insured runs only to the insured, not to the injured party.

References

Am Jur 2d, Automobile Insurance §§ 384, 428.
See the Index to Annotations under Automobile Insurance.

2. INTEREST — PREJUDGMENT INTEREST — SETTLEMENTS.

> There is no statutory right to prejudgment interest on settlements; by accepting a settlement before judgment, a party trades off the loss of interest in exchange for the certainty of settlement.

*Vairo, Mechlin, Tomasi, Johnson & Manchester* (by *Jeryl A. Manchester*), for plaintiffs.

*Geissler & Dean, P.C.* (by *Frederick K. Geissler*), for Ronald W. Lukkari and State Farm Mutual Automobile Insurance Company.

Before: CYNAR, P.J., and WEAVER and GRIFFIN, JJ.

PER CURIAM. Plaintiffs appeal[1] from an order denying their motion for rehearing or reconsideration of a prior order in which the court ruled that intervening defendant State Farm Mutual Automobile Insurance Company had no obligation to pay interest on the settlement it made. We affirm.

This suit arises out of the death of plaintiffs' son, Paul Edward Liimatta. Ronald William Lukkari, who is insured by State Farm, was sued under the wrongful death act. Plaintiffs entered into an agreement with State Farm in which they acknowledged that State Farm had tendered its policy limits of $50,000 to settle the claim against Lukkari.

Plaintiffs demanded the policy limits plus interest from the date of filing the complaint. State Farm filed a motion asking the court for a declaration that it had no obligation to pay interest on the settlement, and the court so ruled. Plaintiffs filed an untimely motion for rehearing or reconsideration, which the court denied.

[1] Although the appeal was not timely, we consider it as on leave granted. MCR 7.203(B)(5).

On appeal plaintiffs argue the trial court erred in ruling that a defendant's insurance carrier has no obligation to pay interest to plaintiffs on the principal sum offered in settlement where the value of the claim exceeds the insurance policy liability limits.

Plaintiffs claim that State Farm was obligated to offer prejudgment interest in addition to its policy limits to settle plaintiffs' claim against State Farm's insured. Plaintiffs base their claim on the insurer's duty to negotiate settlements in good faith, which arises out of the language of the insurance contract. *City of Wakefield v Globe Indemnity Co,* 246 Mich 645; 225 NW 643 (1929).

Although neither party has raised the question, we note that it is doubtful plaintiffs have the right to assert any claim arising out of that duty. The duty to use good faith in attempting to settle a claim runs only to the insured, not to the injured party. *Lisiewski v Countrywide Ins Co,* 75 Mich App 631; 255 NW2d 714 (1977), lv den 401 Mich 840 (1977).

Even if the duty to act in good faith were to convey some rights to plaintiffs, the language of the insurance contract on which they rely denies them such recovery.

The pertinent policy provision reads as follows:

> In addition to the limits of liability, we will pay for an insured any costs listed below resulting from such accident.
>
> *   *   *
>
> 2. Interest on all damages owed by an insured as the result of a judgment until we pay, offer or deposit in court the amount due under this coverage.

This policy language is unambiguous. State

Farm agreed to pay any interest which the insured would have been required to pay incident to a judgment. There was no judgment in this case and thus no obligation to pay interest.

Nor is there a statutory right to prejudgment interest on settlements. *Quarters v Michigan Physicians Mutual Liability Co,* 154 Mich App 593; 399 NW2d 46 (1986). By accepting a settlement before judgment, a party trades off the loss of interest during the waiting period in exchange for the certainty of settlement. *Darnell v Auto-Owners Ins Co,* 142 Mich App 1; 369 NW2d 243 (1985).

Plaintiffs have shown no error requiring reversal and, accordingly, we affirm.