DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Allstate Insurance Company ("Allstate"), appeals from the judgment of the Summit County Court of Common Pleas that granted the motion for summary judgment of Appellee, Barbara Holden Hartley. We reverse and remand
 I. {¶ 2} This appeal arises from an automobile accident that involved Ms. Hartley's mother and an underinsured driver. As a result of the accident, Ms. Hartley's mother was killed, and her estate recovered monetary proceeds from her mother's insurance policy and the underinsured driver's insurance policy. The probate court later allocated wrongful death proceeds to Ms. Hartley. Notwithstanding Ms. Hartley's award of wrongful death proceeds, she filed a claim with Allstate for uninsured/underinsured ("UM/UIM") motorist coverage. Allstate denied her claim. Subsequently, Ms. Hartley requested Allstate to reconsider its decision, which denied coverage, in light of a decision issued by the Supreme Court of Ohio, namely, Moore v. State Auto Mutual InsuranceCompany (2000), 88 Ohio St.3d 27. In this subsequent request, Ms. Hartley "demanded * * * coverage for the original claim and contract interest[.]" The parties agreed that the claim could be resolved for $50,000.00, and that this value was exclusive of interest; however, Allstate did not pay the $50,000.00 or the interest. Consequently, Ms. Hartley filed a complaint alleging Allstate breached its contract of insurance and sought $50,000.00 plus interest.[1] On June 4, 2002, the parties then entered into mediation, and reached a partial settlement. The only issue that remained following the mediation concerned Ms. Hartley's entitlement to interest. Accordingly, Ms. Hartley moved for summary judgment regarding the issue of interest. The trial court granted Ms. Hartley's motion, and concluded that she was entitled to interest. It is from this judgment that Allstate timely appeals, and raises two assignments of error for review. As these two assignments of error involve similar issues of law and fact, we will address them together.
 II. First Assignment of Error
"The trial court erred at law in ruling that `pre-settlement interest' can be awarded on disputes that are resolved by agreement of the parties."
 Second Assignment of Error
"In addition to erring on the issue of `pre-settlement interest', the trial court abused its discretion with regard to the date it selected from which interest should run."
 {¶ 3} In its first assignment of error, Allstate contends that the trial court erroneously determined that Ms. Hartley was entitled to pre-settlement interest. In its second assignment of error, Allstate maintains its contention that Ms. Hartley is not entitled to pre-settlement interest, and further contends that the trial court selected an inequitable date to commence the accrual of interest. Allstate's contentions have merit.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 5} To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "`must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180, citing Tylerv. Kelley (1994), 98 Ohio App.3d 444, 446.
 {¶ 6} In the case sub judice, the parties entered into a settlement agreement, whereby Allstate agreed to pay $50,000.00 to Ms. Hartley, and this figure was exclusive of interest. As Allstate refused to pay Ms. Hartley interest on the $50,000.00, and Ms. Hartley demanded such interest, the parties agreed at settlement that the issue of interest on the alleged breach of contract claim would be decided by the court.
 {¶ 7} We note that Ms. Hartley stresses that Allstate improperly categorizes the interest as pre-settlement in its argument, when, as Ms. Hartley asserts, it is actually interest based upon the breach of contract claim. Ms. Hartley further asserts that the interest began to accrue as of the date of the accident or as of the date Allstate denied her coverage. The facts of this case indicate that the parties entered into a settlement, and that they agreed on an amount sufficient to satisfy Ms. Hartley's claim notwithstanding their dispute regarding Ms. Hartley's entitlement to interest. Nothing in the record suggests that Ms. Hartley was automatically entitled to the interest; rather, the trial court was to decide that issue. Therefore, in light of the facts of this case as they have unfolded, Ms. Hartley's claim of interest can only be categorized as pre-settlement interest. This categorization results because a settlement arose rather than a judgment in favor of Ms. Hartley.
 {¶ 8} We certainly recognize that a plaintiff may be entitled topre-judgment interest. Musisca v. Massillon Community Hosp. (1994),69 Ohio St.3d 673, 676. However, this award of interest arises when a judgment is entered in favor of the plaintiff; this award of interest does not arise when the parties resolve the case via a settlement agreement. Id.; Liimatta v. Lukkari (1990), 185 Mich. App. 144, 147
(concluding that a party that "accept[s] a settlement before judgment * * * trades off the loss of interest * * * in exchange for the certainty of settlement"). See, e.g., Hart v. Am. Guar. Liab. Ins. Co., 5th Dist. No. 2001AP100094, 2002-Ohio-3676, at ¶ 27, quoting Hartmann v.Duffey, 95 Ohio St.3d 456, 2002-Ohio-2486, at ¶ 12.
 {¶ 9} As Ms. Hartley entered into a settlement agreement with Allstate, she chose to forego litigation for the certainty of settlement. Accordingly, Ms. Hartley is not entitled to pre-settlement interest. See Liimatta, 185 Mich. App. at 147; Hart at ¶ 27. Consequently, we find that the trial court erred when it determined that Ms. Hartley was entitled to an award of interest accruing from December 5, 1995, the date Allstate denied Ms. Hartley's claim for UM/UIM coverage, to June 12, 2002, as an individual is not entitled to pre-settlement interest. See Liimatta, 185 Mich. App. at 147; Hart at ¶ 27.
 {¶ 10} Allstate also contends that the trial court selected an inequitable date to commence the accrual of interest. This court agrees with Allstate's contention, as the accrual date selected by the trial court results in an award of pre-settlement interest, which this court has already deemed improper. However, we find it necessary to note that Ms. Hartley's general right to collect under Allstate's policy of insurance did not exist until the Ohio Supreme Court issued its decision in Moore v. State Auto Mutual Insurance Company (2000), 88 Ohio St.3d 27. This decision was issued approximately five years after Allstate denied Ms. Hartley's claim. Prior to this Supreme Court decision, Ms. Hartley was not entitled to any recovery under the policy; Allstate could not have anticipated such a change in the Supreme Court's posture, and rightfully denied Ms. Hartley's claim. Ms. Hartley apparently agreed and did not file a lawsuit at that time. Therefore, it was inappropriate to award Ms. Hartley interest commencing from the date Allstate initially denied her claim. In utilizing that date, the trial court essentially penalized Allstate for complying with the law in existence at the time Ms. Hartley initially presented her claim for coverage.
 {¶ 11} Nevertheless, the unavailability of pre-settlement interest does not preclude the availability of post-settlement interest. Specifically, R.C. 1343.03(A) provides:
"In cases other than those provided for in [R.C. 1343.01 and 1343.02],when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement betweenparties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, thecreditor is entitled to interest at the rate of ten per cent per annum,
and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract." (Emphasis added.) See, also, Hartmann at ¶ 8.
 {¶ 12} The language of this provision indicates that money becomes "due and payable * * * upon any settlement between the parties[.]" R.C.1343.03(A). Accordingly, "[a]t the point of settlement, a settlement debt is created, and [the] plaintiff becomes a creditor entitled to the settlement proceeds." Hartmann at ¶ 11. It follows that the accrual date of interest begins to run on the date of settlement. Id. Therefore, the plaintiff may be entitled to accrue interest during the period from the date of the settlement to the payment. Id.
 {¶ 13} In the present case, the trial court chose the date Allstate denied Ms. Hartley's claim of UM/UIM coverage as the date from which interest should accrue. However, as Ms. Hartley may only accrue interest commencing from the date of the settlement to the payment, we conclude that the trial court's election of this date for interest accrual was in error. See id. Consequently, we find the trial court erroneously granted summary judgment in favor of Ms. Hartley. Allstate's first and second assignments of error are sustained.
 III. {¶ 14} Allstate's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed, and cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, J., concurs.
Slaby, P.J., Concurs in Part and Dissents in Part.
[1] We note that Ms. Hartley also alleged in her complaint that Allstate acted in bad faith regarding her claim. However, in light of the parties' agreement, Ms. Hartley agreed to dismiss this allegation with prejudice.