KELLY, J.
(dissenting). I dissent from the majority’s decision to reverse the Court of Appeals judgment. It was not harmless error to allow the unredacted affidavits of merit into evidence.
In Clery v Sherwood,[1] the plaintiff brought a wrongful death action against Timothy Sherwood, Jeffrey Pratt, Cass Leonard, the Stage Coach Stop Bar, and the Clinton County Road Commission. Clery v Sherwood, 151 Mich App 55, 59; 390 NW2d 682 (1986). Before trial, a settlement was reached with the bar and road *176 commission, and those parties were dismissed from the case. Id. The action proceeded against Sherwood, Leonard, and Pratt. At trial, the court instructed the jury that plaintiffs complaint originally listed the bar and road commission as defendants, but that those parties had been dismissed before trial began. Id. at 60.
The Court of Appeals held that the instruction was erroneous and required reversal. Id. at 62-63. Specifically, the panel applied the rationale in Brewer[2] and opined that a danger existed that the jury could misinterpret the court’s instruction. Id. at 62. The Court of Appeals explicitly rejected the claim that the error was harmless, concluding that “the potential prejudice of this instruction is so great that any guess at its impact on the jury’s verdict is speculative at best.” Id. at 63.
I believe that the Court of Appeals in Clery properly concluded that it is not harmless error to instruct a jury that a nonparty has been dismissed from a lawsuit. I believe the rationale in Clery applies with equal force to the instant case. The unredacted affidavits of merit listed Dr. Shah as a party to the suit. However, the judge instructed the jury that Dr. Shah was not a party to the action. The clear inference was that Dr. Shah had been dismissed from the lawsuit.
The majority recognizes that the jury reasonably could have inferred from the unredacted affidavits of merit that Dr. Shah had been dismissed from the *177 lawsuit. However, it concludes that the error, if any, is harmless. The majority opines that the jury arguably could have believed that Dr. Shah’s dismissal indicated his lack of fault and, therefore, that defendants must have been responsible for Mr. Barnett’s death.
However, it is equally possible that the jury believed that (1) Dr. Shah’s dismissal was the result of a settlement, (2) that the settlement was indicative of Dr. Shah’s fault, and (3) that, because Dr. Shah was at fault, defendants were not responsible. The list of possibilities for prejudice is lengthy. As a result, because the potential prejudice is so great, the inference that Dr. Shah was dismissed from the lawsuit cannot be harmless.
Accordingly, just as the Court of Appeals in Clery determined that the erroneous instruction warranted reversal, I conclude that the unredacted affidavits of merit in the instant case warrant reversal.

 151 Mich App 55; 390 NW2d 682 (1986).

 In Brewer v Payless Stations, Inc, 412 Mich 673, 679; 316 NW2d 702 (1982), this Court determined that, as a matter of public policy, “[wjhen there is no genuine dispute regarding either the existence of a release or a settlement between plaintiff and a codefendant or the amount to be deducted, the jury shall not be informed of the existence of a settlement or the amount paid, unless the parties stipulate otherwise.” Specifically, this Court noted that keeping evidence of a settlement from the jury creates less confusion, promotes more predictability, and enhances this Court’s policy of encouraging settlements. Id. at 678-679.